In the Matter of the Application of JOHN R. BROOK, Petitioner, for an Order against S. HOWARD COHEN and Others, Constituting the Board of Elections in the City of New York, Defendants.

Supreme Court, Special Term, New York County, September 1, 1938.

*Gabriel L. Kaplan,* for the petitioner.

*William C. Chanler, Corporation Counsel [Russell Lord Tarbox* of counsel], for the defendants.

MILLER, J.  The movant alleges that, pursuant to section 142 of the Election Law, he filed objections to the Fischel petition with the board of elections.  He sets forth that to constitute a valid designating petition the Fischel petition required the signatures of at least 324 duly enrolled members of the American Labor party residing in the Senate district; that, although the Fischel petition purports to have been signed by 751 persons, it contains less than 324 signatures of persons who are duly enrolled members of the American Labor party and reside in the seventeenth Senatorial district.  Many of the signatures are claimed to be forgeries, and an affidavit by a handwriting expert is submitted in support of said claim.  Other signatures are claimed to be those of persons who are not registered voters or are not enrolled members of the American Labor party.  Other signatures are stated to be those of persons who had previously signed a petition designating one Harold Baer as a candidate of the American Labor party for the office in question. Various objections to other signatures are also urged.  It is the claim of the movant that after the invalid signatures are eliminated less than 324 signatures of duly enrolled members of the American Labor party residing in the seventeenth Senatorial district remain.

On the return day of the application the claim was made, in opposition thereto, that on August 29, 1938, the board of elections had permitted the withdrawal of the petition designating Leon A.

Fischel as candidate of the American Labor party upon Fischel's oral statement that he wished to withdraw as such candidate. It is urged that this withdrawal renders academic the present motion to strike out and invalidate the petition. In the court's opinion this contention is without merit. Section 138 of the Election Law specifies the manner in which a person designated as a candidate for nomination may decline the designation. It requires a certificate of declination, signed and acknowledged by the designee. Section 140 of the Election Law specifies the time within which a designation may be declined. It states (Subd. 2) that: " A declination of a designation shall be filed not later than the third day after the fifth Tuesday preceding the primary election." No written or acknowledged declination appears to have been made by Fischel, as required by section 138 of the Election Law. Furthermore, his application for withdrawal was not made until August 29, 1938, many days later than the third day after the fifth Tuesday preceding the primary election. The statutory provisions as to the manner in which declinations may be made are exclusive. No withdrawal is permitted after the last day to decline has passed. (*Matter of Jerge*, 230 App. Div. 870; *Matter of Neary* v. *Voorhis*, 207 id. 419.)

It follows that the attempted withdrawal of Fischel was invalid and had no effect upon the petition designating him as a candidate. The ruling of the board of elections is not final, but may be reviewed by this court under section 330 of the Election Law. The contention that the movant, being a registered Republican and not a registered member of the American Labor party, is not an aggrieved party, and is, therefore, not in a position to object to the designating petition here involved, is without merit. Subdivision 2 of section 330 of the Election Law permits the institution of a proceeding relating to the nomination of a candidate, in the case of a nomination made otherwise than at a primary election, " by a person who shall have filed objections pursuant to section one hundred and forty-two." The present movant, having filed such objections, is in a position to maintain the instant proceeding.

The attempted withdrawal of Fischel being ineffective and invalid, the petition designating him remains in full force and effect, and the objections urged thereto will, therefore, have to be considered upon the merits. Judicial investigation as to the genuineness of the signatures and as to the validity of the other objections raised will be necessary. (Cf. *Matter of Orange*, 272 N. Y. 61, 65, 66.)