Nicholas M. Pette, J.
In a proceeding to declare valid certain designating petitions filed with the Board of Elections for Democratic party positions in the Eighth Assembly District, the respondent Mack, appearing specially but submitting no papers, moved on the record to dismiss the petition upon the *66 ground that the court acquired no jurisdiction to consider this petition since the petitioner who executed and acknowledged the same is not an aggrieved party.
It is evident from the petition that by reason of limitation of time this proceeding was commenced prior to the final determination by the Board of Elections, in anticipation of an ultimate adverse decision by the Board of Elections by which each petitioner named in the petition would be aggrieved. Several of the petitioners were aggrieved by the ultimate determination of the Board of Elections, and the mere fact that the signer of the petition was not, should not deprive the others of their day in court.
The special appearance is overruled and the application will be considered on its merits. So considered, it is in all respects granted.
With respect to the Eighth Election District, the omission of the election district from the list of candidates for County Committee is not fatal, in view of the fact that their addresses are stated and the correct election district has been supplied by each of the 19 signers of said petition.
With respect to the Fifteenth Election District, the address of Mary V. Simendinger, candidate for County Committee, was incorrectly typed on the top of the sheet as “ 42 — 41 248th St., Little Neck.” This was concededly an incorrect address, although she lives in the same block, a few houses therefrom, at 42-51 248th Street, Little Neck. This was obviously a typographical error of a character which should not invalidate the petition.
With respect to the Twentieth Election District, the address of Elizabeth V. Shea was incorrectly typed at the top of the sheet as “ 202-12 50th St., Bayside, NY ”, when it should have been 202-12 50th Avenue. This is not fatal when it is well known that under the numbering system in Queens County 202nd Street cannot cross 50th Street and it crosses only at 50th Avenue in Bayside.
With respect to the Twenty-Seventh Election District, the subscribing witness to two of the sheets of the petition mistakenly wrote in her statement that her residence was in the Twenty-Sixth Election District when she intended to state the Twenty-Seventh, and thereupon superimposed a 7 over the 6. It is clear that the Twenty-Seventh Election District was the correct one, since that is the election district stated next to the names of the candidates for County Committee of which the subscribing witness was one, and next to each of the signers of said two sheets of the petition. An alteration such as this does not invalidate the petition,
*67 With respect to the Thirty-Seventh Election District, the address of Eleanor Windus, candidate for County Committee, was incorrectly typewritten at the top of the petition as ‘ ‘ 29-11 202d St., Bayside. ’ ’ She, however, was the subscribing witness and in that statement correctly designated her address as 29-11 200 St. Bayside. In view of the latter statement the incorrect typewritten address is not fatal.