D. Ormonde Ritchie, J.
In this proceeding brought pursuant to section 330 of the Election Law, the petitioners, candidates for the offices of county committeemen of the Republican party for Districts Nos. 10, 22, 37, 40, 49, 50, 52 and 61 of the Town of Islip in the county of Suffolk, apply for an order validating the designating petitions filed on behalf of petitioners for said offices and directing the Board of Elections of Suffolk County to accept and file said petitions.
The petitions were timely filed with the Board of Elections and thereafter timely objections thereto and specifications of objections were filed by one Charles Maier, an enrolled voter of the Republican party of Suffolk County. After a consideration by the Board of Elections of the objections and specifications, the petitions were rejected.
The specifications of objections were eight in number. Upon the argument it was conceded by all parties that the objections to be considered by the court were objections Nos. 1,2,5,7 and 8, and accordingly, it is upon these specifications that the validity of the petitions will be determined, as well as the issues raised by petitioners challenging the validity of the proceeding and the determination thereof by the Board of Elections in considering and rejecting the petitions on the specifications of objections filed by the objector Maier.
*997 In the petitions the grounds urged in support of the attack upon the validity of the proceedings and determination thereon by the Board of Elections are that no notice of the filing of objections or specifications was ever given to the petitioners or the committees on vacancies designated in the petitions. Upon the argument the standing of the objector Maier as one authorized to file objections was challenged. These contentions are disposed of by the provisions of section 145 of the Election Law. The only notice required to be given by the section is that “ When a determination of such objections is made * * * such officer or board shall give notice of the determination forthwith by mail to each candidate named in the petition or certificate, and, if the determination is made upon objections, to the objector.” No direction is therein contained as to giving notice of the filing of objections or specifications thereof. The section is further silent as to the qualifications of one filing objections to a petition. In proceedings in which the issue of the qualification of an objector was raised, the decisions are not uniform. Matter of Brook v. Cohen (169 Misc. 369) held that an enrolled Republican could file objections to the designating petition of a candidate of the American Labor party, which is an extreme in liberally construing qualifications of an objector. Conversely, it was held in Matter of Corn v. Cohen (181 Misc. 832) that an enrolled voter of an election district could only challenge the designating petition of a candidate for the office of county committeeman in his district and could not file objections to the petition of a candidate for that office in any other election district. The decisions are not at all uniform and, as in those cited above, are at times intransigent.
The qualification of an objector, as applied by the courts in proceedings where qualification was raised as an issue, seemed to have hinged upon whether he was “aggrieved” as contemplated in section 330 of the Election Law. I do not consider such application of qualification to pertain to one who may file objections under the provisions of section 145 of the Election Law. Section 330 specifically states in the preamble and subdivision 1:
“ The supreme court is vested with jurisdiction to summarily determine any question of law or fact arising as to any of the subjects set forth in this section, which shall be construed liberally. Such proceedings may be instituted as a matter of right and the supreme court shall make such order as justice may require.
*998 “ 1. The designation of any candidate or independent nomination, in a proceeding instituted by any candidate aggrieved or by a person who shall have filed objections pursuant to section one hundred forty-five, but a proceeding under this subdivision must be instituted within fourteen days after the last day to file petitions; except that if such proceeding is in connection with an independent nomination for a special election, it must be instituted within seven days after the last day to file the petition for such independent nomination.”
Subdivision 1 makes a distinction between the parties authorized to institute proceedings brought pursuant to section 330 and the Supreme Court is vested with jurisdiction to summarily determine questions of law and fact arising in such proceedings. The preamble vests jurisdiction in the Supreme Court to summarily determine questions arising which involve the designation of any candidate or independent nomination, in a proceeding instituted by any candidate aggrieved or by a person who shall have filed objections pursuant to section one hundred forty-five. (Emphasis supplied.) There is no restriction therein that the person filing objections must be “ aggrieved ”. That he have an interest in the nomination is another matter, and it is the opinion of this court that an objector be required to have such interest. In the instant proceeding before the court it is undisputed that objector is an enrolled voter of the Republican party in the town of Islip and that petitioners are candidates for the offices of county committeemen in that township. Section 15 of the Election Law authorizes a county committee to prepare rules for the government of the party within its political subdivision.. The petitioners’ being candidates for offices in a body authorized to promulgate rules affecting the government of a political party of which objector is an enrolled voter certainly fixes his status as an interested person. For the reasons stated the contentions of petitioners are found to be without merit.
Next to be considered are specifications of objections Nos. 1, 2, 5, 7 and 8. These specifications read as follows; 1. That one bound petition with sheets numbering from 1 to 17 both inclusive attempt to designate more than the permissible number of candidates, under any one petition for any one election district and therefore is invalid as an over designation of candidates. 2. That the petition is not on the proper form of petition for Republican party candidates in the county of Suffolk in that they are not the petitions for said Republican party as issued by the Board of Elections of the County of Suffolk. 5. That the petition as affecting the various election districts is not separately stated and consecutively numbered. 7. That the *999 members of the committee on vacancies are candidates for the party positions of committeemen. 8. That the signatories to the. petition are to be deemed to have signed for all of the candidates named in the petition, and as such the signatories are illegal and void in that they cannot, pursuant to the Election Law, be deemed proper signatures for candidates to party position outside of the election district in which the signator is enrolled.
A visual examination of the sheets comprising the petition is sufficient to establish validity as to form.
Nos. 2 and 7 and summarily dismissed. There is no authority upon which a finding may be made invalidating a petition because a candidate named thereon is also designated a member of the committee on vacancies.
As to specification No. 1, while the sheets are stapled together and, numbered, give the appearance of a single petition, an examination of them can lead to no other conclusion that they are eight individual petitions designating candidates for the office of county committeemen in eight separate districts. Although all the sheets are bound together by staples an examination thereof reveals that the first three sheets designate t\yo candidates for the offices of county committeemen for the 10th Election District and five persons as a committee to fill vacancies. Thereafter appear the signatures of subscribers, the dates of signing, the addresses of the signatories and the number of the election district in the town in which their residences are located. The next two pages are identical in form and are at variance with the first two pages in that the party position is stated as “ Members of Republican County Committee of Suffolk County 22 Election District 2nd Assembly District,” different candidates for those offices are designated and the dates of signing, the signatories, and their addresses differ. The same similarities and differences obtain as to the remaining six petitions. It is obvious, therefore, and the court rules that, although bound together, the petitions are separate petitions designating candidates for the offices of county committeemen in the various districts therein specified. Specification No. 8 is in like category with specification No. 1 and the same findings pertain thereto. Specifications 1 and 8 are dismissed.
There remains for consideration specification No. 5.
Section 135 of the Election Law provides in part “ a designating petition shall be numbered consecutively, beginning with number one, at the foot of each sheet ”. Herein the designating petition of candidates for office in the 10th Election District *1000 is the only one meeting the aforesaid requirement of the section in that the sheets comprising the same be consecutively numbered, starting with the number 1 at the foot of the first sheet. None of the other petitions attacked are so numbered, the second petition starting with the number 4 at the foot of the first sheet thereof; the third petition starting with the number 6 at the foot of the first sheet, etc. The provision of the section relating to the numbering of the sheets of the petition is mandatory and renders the petition invalid without proof of fraud (Matter of Nagiel v. Laukaitis, 278 N. Y. 696; Matter of Hoy v. Westall, 145 N. Y. S. 2d 2).
Accordingly the determination of the Board of Elections is affirmed in its finding that the designating petitions purporting to nominate candidates for the offices of county committeemen for the 22d, 37th, 40th, 49th, 50th, 52d and 61st Election Districts of the Town of Islip are insufficient in form and this court concurs in that finding. The determination of the board is reversed as to its finding concerning the designating petition filed on behalf of candidates for office in the 10th Election District of the Town of Islip. The court rules that petition valid and an order will issue directing the Board of Elections to accept and file the same.