Joseph F. Gagliardi, J.
This is an application under section 330 of the Election Law to compel the Westchester County Board of Elections to list the petitioners ’ names on the primary ballot for the 1963 primary election for the Democratic party in the 8th Ward within the City of Yonkers.
The petition filed in this matter, in addition to designating a candidate for 8th Ward Councilman and 8th Ward Supervisor, both of whom are not involved in this proceeding, designates candidates for the position of county committeeman in four election districts. The Board of Elections has rejected the petition insofar as it relates to the position of county committeeman on the ground that the petition is incomplete since it does not set forth the particular district in which each of the petitioners seeks to become a Democratic committeeman *176 and further that the pages of the petition are not consecutively numbered, as required by section 135 of the Election Law.
The petition consists of 40 pages, fastened together at the top with three metal clips, which are consecutively numbered 1 through 40 and contain some 530 signatures. This petition, in accordance with the requirements of section 135 of the Election Law lists the place of residence of each candidate and contains the following information: the signer’s name; his or her residence and the particular ward and election district in which each of the signers resides in the City of Yonkers.
I find that the petition is in substantial compliance with section 135 of the Election Law with respect to the designation of the party office or party position which is sought. There is no tendency to create confusion either in the minds of the voters or subscribers to the petition that the position of county committeeman is sought for any other election district other than that which is listed for each subscriber (cf. Matter of Carusone v. Varney, 277 App. Div. 326, affd. sub nom. Matter of Barber v. Varney, 301 N. Y. 669; Matter of McKenna v. Power, 24 Misc 2d 65, mod. on other grounds 1 A D 2d 1040).
In Matter of Carusone v. Varney (supra, p. 328) the Appellate Division stated that:
“ The clear purpose of enrolled voters who seek to designate candidates should be given effect if possible, and not frustrated by technical objections relating to matters not of a vital and mandatory nature. It will be noted that in most of the cases where there has been a judicial rejection of a designating petition some fraud, deception or confusion existed as to signatures. Here no such difficulty arises.
‘1 Some of the designating petitions stated that the ‘ public office or party position ’ designated was ‘ committeeman ’ without stating that 1 county committeeman ’ was intended. In these and some others in which ‘ county committeeman ’ was stated, there was a failure to state in what district of what town or city it was intended that the committeeman was to serve.
‘1 But in each instance the ‘ place of residence ’ of the designee was stated, and the election district, as well as the residence, city or town, of the signatories to the petition was shown. These omissions were not fatal to the designating petitions. The places of residence of the designees are given and the information concerning the signatories supplies sufficient indication of the election district intended. The residence of all signatories within single election districts in the various petitions suggests a county committeeman rather than a State committeeman, was intended to be designated.”
*177 As indicated previously the petition here consists of 40 pages fastened together and numbered 1 through 40. The petition seeks to designate two candidates for the office of county committeeman in each of four different election districts. The pages of this petition insofar as they relate to candidates for an election district are to be deemed a separate petition and thus the pages of each such petition must be consecutively numbered, commencing with the number 1 (Matter of Pabian v. McNab, 9 Misc 2d 995, affd. 4 A D 2d 834, affd. 3 N Y 2d 888; Matter of Kahler v. Chemung County Bd. of Elections, 17 A D 2d 719). Only the petition designating two candidates for the position of Democratic county committeeman in the 1st election district begins with the number 1 and it is consecutively numbered through 4.
Accordingly, the determination of the Board of Elections is affirmed in its findings with respect to the petition designating candidates for county committeeman in the 2nd, 3rd and 4th election districts. The determination of the board is reversed concerning the designating petition filed on behalf of the candidates for county committeeman in the 1st election district and the board is directed to place their names on the primary ballot.