Benjamin Brenner, J.
This is an application to invalidate a designating petition for various public and party positions of the Democratic party in the primary election in and for the 16th Assembly District and the 15th Senatorial District, Kings County, to be held on June 2, 1964; the principal contention urged by the applicants being that fraud permeates the petition. The evidence offered upon the trial fails to establish any fraud in said designating petition whatsoever.
In the light of this finding the respondents’ motion to dismiss the proceeding, based on the claim of res judicata has become moot. That motion is, therefore, denied as academic. Nor is it necessary to pass on the legal sufficiency of the objections and specifications filed relative to the claim of fraud.
During the course of these proceedings, four of the respondents designated in the petition as nominees for the office of delegates to the Judicial Convention, appeared by an attorney other than the attorney for the respondents, who informed the court that they wished to withdraw as candidates and that they consented to the invalidation of their designations as such candidates, based upon the claim of fraud.
*386 As the statutory period for declination has expired (Election Law, § 139, subd. 1; § 143, subd. 2) that part of their request is denied (Matter of Jerge v. Geddes, 230 App. Div. 870; Matter of Neary v. Voorhis, 207 App. Div. 419; Matter of Halpin, 108 App. Div. 271; Matter of Brook v. Cohen, 169 Misc. 369). They insist, however, that they be excluded from any determination which will have the effect of validating their designations as they presently wish to withdraw from the proceedings and are agreeable to an adjudication which, as to them, would have the effect of upholding the applicants’ claim of fraud. While ordinarily a party may discontinue his cause or defense at any time (Schintzuis v. Lackawanna Steel Co., 224 N. Y. 266; Matter of Butler, 101 N. Y. 307) if the effect of a withdrawal from a lawsuit would, be to prejudice the rights of others or to adversely affect the public interest, that right to withdraw is not absolute. Thus, in Brook (supra) the court refused to accept the respondent’s declination where it was made after the legal period for declining and proceeded to consider the question of fraud on its merits. This situation may be considered comparable to a class action which may not be compromised, discontinued or dismissed by consent, by default or for neglect to prosecute, except with the approval of the court (OPLR 1005, subd. [c]). For whether or not these four designees had been aware of the claimed fraud as to their petitions, or had agreed to resist such claim of fraud, or had given their consent to their being represented in opposition to the present application, it is clear that the entire slate in the designating petition would be adversely affected if but a handful of candidates on the same slate in the same designating petition were to secure a legal determination which could be used to imply that the designating petition is permeated with fraud (though they were free but failed to offer testimony to that effect upon trial).
In any event there could be little question that in representing the remaining designees in the petition, counsel for the respondents was not only entitled to oppose and demonstrate the absence of fraud in the petition in behalf of the remaining designees, but he was equally entitled to oppose all claims and to establish the absence of fraud even as to the four designees who desired to withdraw. It having been established that fraud does not in fact permeate the designating petition, and a declination or withdrawal being contra to the Election Law (supra) the request for such withdrawal is denied.
The application by the petitioners to invalidate the petition is in all respects denied and the cross application to validate the same is in all respects granted,