In the Matter of JOSEPH GILMORE et al., Appellants, v. McDONALD KUGLER et al., Respondents.

Third Department, May 26, 1964.

*William J. Schoonmaker* for appellants.

*Frank T. Pipito* for respondents.

REYNOLDS, J. This is an appeal from so much of an order made in a proceeding brought under section 330 of the Election Law as denies petitioner-appellants' application to invalidate respondents' designating petitions for Republican committeemen in Election Districts Nos. 9, 11 and 14, Town of Guilderland, Albany County, and from so much of said order as denies the application to invalidate the write-in petition for Republican committeeman in District No. 6.

There are 15 election districts in the Town of Guilderland. On April 28, 1964, there were filed with the Albany County Board of Elections petitions covering a number of these districts including Districts Nos. 9, 11 and 14. The petitions for all the districts were stapled together and numbered consecutively from page one to page 48. There was a separate write-in petition as to District No. 6. The Board of Elections ruled that the petitions for Districts Nos. 9, 11 and 14 were valid and this was affirmed at Special Term. Appellants appeal from the determination as to these three districts on the ground that the numbering system used is not in conformity with the requirement of subdivision 1 of section 135 of the Election Law which states that the sheets of a designating petition shall be numbered consecutively, beginning with number one.

With respect to the office of committeeman, the pertinent provisions of section 135 have been held mandatory. (*Matter of Nagiel* v. *Laukaitis*, 278 N. Y. 696; *Matter of Pabian* v. *McNab*, 9 Misc 2d 995, affd. 4 A D 2d 834, affd. 3 N Y 2d 888; *Matter of Duffy* v. *Bd. of Elections*, 40 Misc 2d 175; 1 Gassman, Election Law, p. 118.) The petitions as to Districts Nos. 9 and 14 violate section 135 because they are not numbered consecutively beginning with number one and therefore we hold those petitions invalid. One exception to this rule is that where there are enough signatures on a single sheet, that sheet will be held valid even though not separated from other sheets pertaining to the same or different districts and even though not separately numbered in strict accordance with section 135. (*Matter of Dillon* v. *Power*, 13 N Y 2d 869.) Only 15 signatures are needed for the designating petition in District No. 11. There are 15 signatures for District No. 11 on a single sheet (p. 23) and therefore we hold that that petition is valid. There are not, however, the necessary number of signatures on a single sheet with respect to Districts Nos. 9 and 14 and, therefore, those petitions do not come within this exception.

Turning to District No. 6 we have before us a petition for opportunity to ballot by write-in vote drawn pursuant to the provisions of sections 148 and 148-a of the Election Law. Thirteen signatures are required for this petition. There are 34 signatures, but 24 of the same people signed a prior designating petition naming Frank J. Williams, Jr. and Harry Du Brin, the full number of available offices in District No. 6, as candidates for committeemen which petition is not before us, but concededly it is a valid petition. The novel question presented, therefore, is whether a party member's signature on a write-in petition is valid if that person already has signed to support

the number of candidates for which there were offices available in a valid designation petition.

Respondents urge that because sections 148 and 148-a contain no such prohibition we should not read such into those sections. We feel, however, that the intent behind subdivision 4 of section 136 of the Election Law is expressed in terms so broad that we are unable to ignore its manifest coverage of this situation. It is clearly contemplated and at least inferentially provided by that section that a party member, who has already subscribed to the designation of the number of names for which offices are available, has deprived himself of any right to sign a further petition which would have the effect of presenting a candidate or permitting a candidacy in opposition to the candidates he has already signed to support. Twenty-four of the subscribers whose signatures appear on the write-in petition had already signed to support the number of candidates for which there were offices available in District No. 6. The write-in petition, even though it names no candidate in particular, has the effect of putting further names in contention. Therefore those signatures are invalid with the consequence that the remaining 10 names fall short of the number required.

The order should be modified, on the law and the facts, so as to provide that the designating petitions for Districts Nos. 9 and 14 and the so-called write-in petition for District No. 6 be held invalid; and, as so modified, affirmed, without costs.

GIBSON, P. J., TAYLOR and HAMM, JJ., concur.

Order modified, on the law and the facts, so as to provide that the designating petitions for Districts Nos. 9 and 14 and the so-called write-in petition for District No. 6 be held invalid; and, as so modified, affirmed, without costs.