■ In the Matter of SAMUEL SNAPE, Appellant, v ALICE SACHS et al., Constituting the Board of Elections of the City of New York, Respondents, and ALEXANDER CASTILLO, Respondent. In the Matter of ALEXANDER CASTILLO, Respondent, v SAMUEL SNAPE, Appellant, and JOSEPH H. PREVITE et al., Constituting the Board of Elections of the City of New York, Respondents.—Judgments, Supreme Court, Bronx County, each entered on April 9, 1980, reversed, on the law, without costs and without disbursements, and the petition validated. In our view, a subscriber may sign petitions for as many candidates as there are vacancies for which he can vote. (See *Matter of Gilmore v Kugler,* 21 AD2d 293.) Concur—Fein, Sandler and Silverman, JJ.

Kupferman, J. P., and Birns, J., dissent and would affirm. The board of education and board of elections rule is a reasonable one in order to require a showing of substantial support for a candidate and in the interest of practicalities of administration, particularly in school board elections where there are neither parties nor slates.

■ In the Matter of EARL GURLEY, JR., Appellant, v ALICE SACHS et al., Constituting the Board of Elections of the City of New York, Respondents, and ALEXANDER CASTILLO, Respondent.—Judgment, Supreme Court, Bronx County, entered on April 9, 1980, affirmed, without costs and without disbursements. Concur—Birns, Fein, Sandler and Silverman, JJ.

Kupferman, J. P., dissents, on the law, and would reverse and remand. The appellant candidate having presented an explanation for the alterations and changes should not have been found out of hand to have petitions permeated with fraud. The objector should have been required to go forward with some evidence of fraud.

■ In the Matter of AQUILINO MARTINEZ, Appellant, v MARILYN DIAZ et al., Respondents, and FRANK X. GARGIULO et al., Constituting the Board of Elections of the City of New York, Respondents. In the Matter of MARILYN DIAZ et al., Respondents, v AQUILINO MARTINEZ, Appellant, and FRANK X. GARGIULO et al., Constituting the Board of Elections of the City of New York, Respondents.—Judgment, Supreme Court, Bronx County, entered on April 9, 1980, unanimously reversed, on the law and on the facts, without costs and without disbursements, and the petition validated in view of the improper Spanish translation and it appearing that the signatories registered within the period set forth in the Spanish version of the instructions. Concur—Kupferman, J. P., Birns, Fein, Sandler and Silverman, JJ.