OPINION OF THE COURT
Con. G. Cholakis, J.
Petitioner filed objections and specifications to the nominating petition of the “Independent Citizens of Guilderland” Party and now brings this proceeding to declare the petition null and void and to restrain the Albany County Commissioners of Election from placing that party’s candidates on the ballot in the upcoming general election.
The petition consists of four volumes, the first, second and third volumes contain 25 pages each and the fourth volume contains 23 pages. The pages of the petition are numbered consecutively. The first volume contains sheets numbered 1 through 25, the second volume contains sheets numbered 26 through 50, the third volume contains sheets numbered 51 through 75, and the final volume contains sheets numbered 76 through 98.
Petitioner alleges that this method does not comply with subdivision 2 of section 6-134 of the Election Law, and the *111 petition is therefore invalid. The pertinent language of that subdivision reads as follows: “Sheets of a designating petition shall be bound together in one or more volumes. The sheets in each volume shall be numbered consecutively at the foot of each sheet, beginning with number one.”
Nominating petitions of independent political parties must conform to the rules and requirements for designating petitions (Election Law, § 6-138, subd 2), therefore section 6-134 applies to the petition in question.
The requirement to consecutively number the sheets of a petition is mandatory (Matter of Pabian v McNab, 9 Misc 2d 995, affd 4 AD2d 834, affd 3 NY2d 888; Matter of Nagiel v Laukaitis, 278 NY 696) and is intended to prevent fraud (Matter of De Luca v McNab, 16 NY2d 835).
The court has been unable to find any case which decided the precise issue confronting it in this matter. There is no question that we have but a single petition, consisting of four volumes, intending to nominate a single slate of candidates for town office.
A strong argument can be made that the wording of the statute means that the sheets of a single petition shall be numbered consecutively starting with number one on the first sheet of the first volume and continuing numerically through each volume of the single petition. This is particularly true in light of the wording of the last sentence of subdivision 2 of section 6-134 of the Election Law, which reads as follows: “If the petition is filed in two or more volumes, the cover sheet for each volume shall also contain the following additional information: the number of the volume, the total number of pages in the volume, the total number of signatures contained in the volume, and the numbers of the first and last pages contained therein.” (Emphasis supplied.)
If petitioner’s argument were correct, there would be no need to list the number of the first and last pages contained within each volume. It would only be necessary to list the total number of pages contained in the volume as the number of the first page would always be one and the number of the last page would always be the total number of pages contained within the volume.
*112 This position takes on added credibility when observing that, in a single-volume petition, the law merely requires that the total number of pages be indicated on the cover sheet and does not require the listing of the number of the first and last pages.
Furthermore, it is this court’s opinion that the method used by respondent candidates decreases the possibility of fraud rather than increase it.
There has been substantial compliance with the law (Matter of Turner v Lawley, 25 NY2d 963) and the petition is therefore dismissed.