OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, without costs.
In this case supporters of John Trice simultaneously circulated a petition designating him as Conservative Party candidate for District Attorney of Chemung County and a petition for an opportunity to ballot for the Conservative nomination for that office. Both petitions contained the same signatures and were executed on the same date. The designating petition was invalidated for failure to receive the required certificate of authorization from the Conservative Party (see, Election Law § 6-120 [3]).
The Appellate Division was correct in ruling that the petition for an opportunity to ballot was also invalid under Election Law § 6-134 (3) inasmuch as all of the voters signing that petition had also signed the designating petition on the same date.
Election Law § 6-134 (3) provides that if on the same date a voter signs “any petition or petitions designating a greater *1010 number of candidates for public office * * * than the number of persons to be elected thereto [the voter’s signatures] * * * shall not be counted.” As it is clear that the opportunity to ballot necessarily implies a vote in the primary for someone other than the person named in the designating petition (see, Election Law § 8-308 [2]), the Appellate Division properly relied solely on section 6-134 (3) to invalidate the signatures on the opportunity to ballot petition.
Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
Order affirmed, without costs, in a memorandum.