■ In the Matter of Evan E. Elgin, Appellant, v Nancy L. Smith, et al., as Commissioners of Elections and Constituting the Niagara County Board of Elections, et al., Respondents. (Appeal No. 2.) [781 NYS2d 182]—

Appeal from an order of the Supreme Court, Niagara County (Vincent E. Doyle, J.), entered August 13, 2004 in a proceeding pursuant to Election Law § 16-102. The order insofar as appealed from determinated that the designating petition was valid insofar as it designated a committee to fill vacancies and directed the Niagara County Board of Elections to notify the members of that committee to fill the vacancies in certain Independence Party positions for an assembly district.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the petition is granted in its entirety and the designating petition is invalidated in its entirety.

Memorandum: Petitioner, an enrolled member of the Independence Party, commenced this proceeding pursuant to Election Law § 16-102 seeking to invalidate the designating petition for Judicial Delegates and Alternate Judicial Delegates to the 138th Assembly District, Eighth Judicial District, for the Independence Party. Supreme Court agreed with petitioner insofar as he contended that the designating petition over-designated the number of candidates eligible to be designated for those

positions by designating five candidates and five alternate candidates rather than the requisite three candidates for each category, and struck the names of respondent candidates from the designating petition. Petitioner contends on appeal that the court erred in otherwise upholding the validity of the designating petition to the extent that it designated a committee to fill vacancies and that the court erred in directing the Niagara County Board of Elections (Board of Elections) to notify the members of that committee to fill the vacancies in the positions at issue. We agree.

We note at the outset that we reject petitioner's contention that the answer filed by the County Attorney on behalf of respondent Commissioners of the Board of Elections should be stricken on the ground that the answer was verified by only one of the two Commissioners. Where, as here, the Board of Elections cannot act because of a split vote among the two Commissioners, the County Attorney may properly represent one of the Commissioners in a proceeding commenced to resolve the dispute and, indeed, this Court in a prior case authorized the retention of independent counsel by the Commissioner in that case whose position was not represented by the County Attorney (*see Matter of Lenihan v Blackwell*, 209 AD2d 1048, 1048-1049 [1994], *lv denied* 84 NY2d 808 [1994]). We also reject the contention of respondent Commissioners that an alternative ground for affirmance is the failure of petitioner to join as necessary parties the members of the committee to fill vacancies inasmuch as those members are not in fact necessary parties (*see generally* CPLR 1001 [a]).

Nevertheless, we agree with petitioner that the court should have invalidated the designating petition in its entirety. The Election Law expressly provides in relevant part that, "[i]f a voter shall sign any petition or petitions designating a greater number of candidates for public office or party position than the number of persons to be elected thereto his [or her] signatures, if they bear the same date, shall not be counted upon any petition" (Election Law § 6-134 [3]). Here, each voter signature at issue designated on the same date a greater number of candidates for public office or party position than the number of persons to be elected. Thus, the designating petition is invalid in its entirety (*see Matter of DeCicco v Chemung County Bd. of Elections*, 93 NY2d 1008, 1009-1010 [1999]). Contrary to respondents' contention, a designated committee to fill vacancies may act only if the designating petition itself is deemed valid, and here "the designating petition itself is 'invalid' "

(*Matter of Owens v Sharpton*, 45 NY2d 794, 796 [1978]). Present—Green, J.P., Pine, Wisner, Scudder and Kehoe, JJ.