■ In the Matter of JOHN J. KEENAN et al., Appellants, v CHEMUNG COUNTY BOARD OF ELECTIONS, Respondent, and NANETTE M. MOSS, Respondent. [841 NYS2d 187]—

Per Curiam. Appeal from an order of the Supreme Court (Mulvey, J.), entered August 14, 2007 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent Nanette M. Moss as the Independence Party candidate for the public office of Council Member for the Sixth District of the City of Elmira in the September 18, 2007 primary election.

On June 26, 2007, Cathy Wood signed a petition designating James E. Hare as the Independence Party candidate for the public office of Council Member for the Sixth District in the City of Elmira in this year's primary election. On July 18, 2007, Wood signed a petition designating respondent Nanette M. Moss as the Independence Party candidate for the same office. Both petitions were filed with respondent Chemung County Board of Elections on July 19, 2007. Thereafter, objections were filed with respect to both petitions, and the Hare petition was invalidated on July 25, 2007 for failing to file a certificate of authorization. The two-member Board then sustained an objection to one signature on the Moss petition, resulting in seven remaining signatures—the minimum number required for the Council Member position at issue—but was divided over whether Wood's signature on the Moss petition was valid. Since the Board's deadlock resulted in Moss remaining as the Independence Party candidate, petitioners commenced this proceeding seeking to invalidate Moss's designating petition on the ground that

Wood's signature should not be counted due to the fact that she had previously signed Hare's designating petition for the same office. Concluding that Wood's signature on the Moss petition should be counted because the Hare petition "never became valid," Supreme Court dismissed the petition. Petitioners now appeal and we reverse.

At the outset we note that, as the petition giving rise to the present dispute was a designating petition (*see* Election Law §§ 6-118, 6-132) and not an independent nominating petition for public office (*see* Election Law §§ 6-138, 6-140), Election Law § 6-134 controls here. That section states, in pertinent part, that "[i]f a voter shall sign *any* petition or petitions designating a greater number of candidates for public office . . . than the number of persons to be elected thereto his [or her] signatures, . . . if they bear different dates shall be counted in the order of their priority of date, for only so many designees as there are persons to be elected" (Election Law § 6-134 [3] [emphasis added]).* Accordingly, and contrary to Supreme Court's conclusion, Wood's signing of two designating petitions for a single office rendered the later signature on Moss's designating petition not countable, regardless of the subsequent invalidation of the first petition (*cf. Matter of DeCicco v Chemung County Bd. of Elections*, 93 NY2d 1008, 1009 [1999]). Consequently, the disqualification of Wood's signature from those countable toward Moss's designation results in only six valid signatures—one short of the number required—and Moss's designating petition must be rejected as invalid.

Crew III, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, petition granted and the designating petition naming respondent Nanette M. Moss as the Independence Party candidate for the public office of Council Member for the Sixth District of the City of Elmira is declared to be invalid.

(August 30, 2007)

---

* Importantly, this provision does not condition the validity of the later signature on whether the earlier petition was "valid and effective" as Election Law § 6-138 (1) does with regard to independent nominating petitions for public office.