Matter of Stack v Harrington (2019 NY Slip Op 04314)





Matter of Stack v Harrington


2019 NY Slip Op 04314


Decided on May 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2019

529119

[*1]In the Matter of RICHARD M. STACK et al., as Members of the Committee to Receive Notices, Respondents,
v
DAVID HARRINGTON, Respondent, and ALBANY COUNTY BOARD OF ELECTIONS, Appellant.

Calendar Date: May 30, 2019

Before: Clark, J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Matthew J. Clyne, Albany, for appellant.
John E. Sweeney, Albany, for Richard M. Stack and others, respondents.



MEMORANDUM AND ORDER
Per Curiam.
Appeal from an order of the Supreme Court (Ryba, J.), entered May 9, 2019 in Albany County, which, among other things, dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare valid the opportunity to ballot petition for the Conservative Party nomination for the public office of Member of the Albany County Legislature for the 36th Legislative District in the June 25, 2019 primary election.
On April 3, 2019, a designating petition was filed with respondent Albany County Board of Elections purporting to designate Colin Dwyer as the candidate for the Conservative Party nomination for the public office of Member of the Albany County Legislature for the 36th Legislative District in the June 25, 2019 primary election. Because Dwyer was not an enrolled member in the Conservative Party, he was required to file a certificate of acceptance by April 8, 2019, but he failed to do so, rendering the designating petition "null and void" by operation of law on that date (Election Law § 6-146 [1]; see Election Law § 6-158 [1], [2]). Two days later, 17 individuals who had previously signed the designating petition then signed a petition for an opportunity to ballot for the same office in the June 25, 2019 primary election. On April 11, 2019, petitioners, as enrolled voters of the Conservative Party and members of the committee to receive notices, filed the opportunity to ballot petition with the Board. The following day, respondent David Harrington filed a general and specific objection to the petition for an opportunity to ballot, contending that all 17 signatures on the petition were invalid because each of the signatories had previously signed the designating petition naming Dwyer as the [*2]Conservative Party candidate for the same public office. The Board upheld the objection, prompting petitioners to commence this proceeding seeking to validate the opportunity to ballot petition and to compel the Board to conduct a write-in primary election for the voters of the Conservative Party for said office. Supreme Court dismissed the petition, finding that the Board properly rejected the opportunity to ballot petition as invalid because all 17 signatories to that petition had previously signed the designating petition for the same office. The court did, however, exercise its own discretion of directing the equitable remedy of an opportunity to ballot. The Board appeals.
The Board argues that Supreme Court erred in sua sponte directing the equitable remedy of an opportunity to ballot. This equitable remedy, however, would be unnecessary if Supreme Court wrongfully dismissed the petition. Therefore, our logical first step in considering the Board's argument is to determine whether petitioners are correct in their contention that Supreme Court erred in dismissing the petition. In general, when a qualified voter signs a designating petition and, on a subsequent date, signs an opportunity to ballot petition, the voter's signature on the later opportunity to ballot petition is invalid (see Election Law § 6-134 [3]; Matter of DeCicco v Chapman, 93 NY2d 1008, 1009-1010 [1999]; Matter of Keenan v Chemung County Bd. of Elections, 43 AD3d 623, 624 [2007], lv denied 9 NY3d 804 [2007]; Matter of Gilmore v Kugler, 21 AD2d 293, 295 [1964]). However, where, as here, a qualified voter signs a designating petition that is subsequently invalidated or deemed "null and void" by operation of law (Election Law § 6-146 [1]), the voter is permitted to sign an opportunity to ballot petition subsequent to the invalidation of the designating petition (see Matter of Jones v Cayuga County Bd. of Elections, 123 AD2d 517, 517 [1986]; cf. Matter of Trevisani v Karp, 164 AD3d 1586, 1588 [2018]). "A contrary holding would deprive persons who signed a designating petition later held invalid from exercising the separate right given to them by the Election Law to request the opportunity to write in the name of a candidate of their choice" (Matter of Jones v Cayuga County Bd. of Elections, 123 AD2d at 517 [citation omitted]; see Matter of Lobaito v Molinaro, 45 AD2d 940, 941 [1974]).
Inasmuch as the designating petition was invalidated prior to the signing of the opportunity to ballot petition, the 17 signatories on the petition for the opportunity to ballot were permitted to request an opportunity to write in the name of a candidate for the public office at issue because, when they signed the opportunity to ballot petition on April 10, 2019, they had not signed a "petition or petitions designating a greater number of candidates for public office or party position than the number of persons to be elected" (Election Law § 6-134 [3]). Accordingly, because the Board improperly rejected petitioners' opportunity to ballot petition, we grant their application seeking to validate the opportunity to ballot petition. Inasmuch as petitioners' application should have been granted, Supreme Court erred in granting the opportunity to ballot as an equitable remedy.
Clark, J.P., Mulvey, Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and petition granted.