Matter of Murray v Simon (2021 NY Slip Op 03136)





Matter of Murray v Simon


2021 NY Slip Op 03136


Decided on May 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2021-03082
 (Index No. 708972/21)

[*1]In the Matter of Scherie S. Murray, et al., appellants,
v
Vanessa Pollie Simon, et al., respondents.




DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to validate petitions designating (1) Samuel Benoit and Scherie S. Murray as candidates in a primary election to be held on June 22, 2021, for the Republican Party positions of Male Member and Female Member of the Republican Party State Committee from the 29th Assembly District, (2) Scherie S. Murray and Maxine M. Sensuel as candidates in a primary election to be held on June 22, 2021, for the Republican Party positions of Delegates to the Republican Judicial District Convention for the 11th Judicial District, and (3) Antonia M. Moe and Paule M. Constant as candidates in a primary election to be held on June 22, 2021, for the Republican Party positions of Alternate Delegates to the Republican Judicial District Convention for the 11th Judicial District, the petitioners appeal from a final order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), dated April 23, 2021. The final order denied the petition, inter alia, to validate the designating petitions and dismissed the proceeding.
ORDERED that the final order is affirmed, without costs or disbursements.
On April 14, 2021, the Commissioners of the Board of Elections in the City of New York (hereinafter the Board) conducted a hearing to address an issue of petition over-designation, i.e., the designation of a greater number of candidates for public office or party position than the number of persons to be elected thereto. The hearing addressed petitions that had been filed designating the following individuals as candidates for party positions in the upcoming primary election to be held on June 22, 2021 (hereinafter the designating petitions): Samuel Benoit and Scherie S. Murray for the Republican Party positions of Male Member and Female Member of the Republican Party State Committee from the 29th Assembly District, Scherie S. Murray and Maxine M. Sensuel for the Republican Party positions of Delegates to the Republican Judicial District Convention for the 11th Judicial District, and Antonia M. Moe and Paule M. Constant for the Republican Party positions of Alternate Delegates to the Republican Judicial District Convention for the 11th Judicial District (hereinafter collectively the petitioners). At the hearing, the Board also determined objections that had been filed challenging the validity of those designating petitions. The objector contested the designating petitions on the ground that two cover sheets bearing the same time stamp, each listing different volume numbers, had been submitted for the designating petitions. The specifications of objections had been timely filed.
Following the hearing, the Board determined that the designating petitions for the positions of Delegates and Alternate Delegates to the Republican Judicial District Convention for [*2]the 11th Judicial District were defective, as the petitions over-designated the number of candidates eligible for those positions, and struck the names of Murray, Sensuel, Moe, and Constant for those positions from the designating petitions. The Board also sustained the objections filed by the objector and struck the names of Murray, as a candidate for Female Member of the Republican Party State Committee from the 29th Assembly District, and Benoit, as a candidate for Male Member of the Republican Party State Committee from the 29th Assembly District, from the designating petitions on the ground that two cover sheets with different volume numbers were confusing and prevented the Board and the objector from knowing which volume was operative in order to review that volume to ascertain objections.
The petitioners then commenced this proceeding pursuant to Election Law § 16-102, inter alia, to validate the designating petitions. In a final order dated April 23, 2021 (hereinafter the April 2021 order), the Supreme Court denied the petition, inter alia, to validate and dismissed the proceeding on the ground that the over-designation rendered the designating petitions invalid in their entirety. The petitioners appeal. We affirm.
Pursuant to Election Law § 6-134(3), "[i]f a voter shall sign any petition or petitions designating a greater number of candidates for public office or party position than the number of persons to be elected thereto his signatures, if they bear the same date, shall not be counted upon any petition" (see Matter of DeCicco v Chemung County Bd. of Elections, 93 NY2d 1008, 1009-1010; Matter of Elgin v Smith, 10 AD3d 483, 484).
Here, the designating petitions over-designated the number of candidates eligible for the positions of Delegate and Alternate Delegate to the Republican Judicial District Convention for the 11th Judicial District, by designating two candidates rather than the requisite one candidate for each position. Although the Supreme Court properly upheld the Board's determination invalidating the designating petitions insofar as they related to the candidates for those positions pursuant to Election Law § 6-134(3) (see Matter of DeCicco v Chemung County Bd. of Elections, 93 NY2d at 1010; see also Matter of Elgin v Smith, 10 AD3d at 484), the court should not have invalidated the designating petitions on that ground insofar as the designating petitions related to the candidates for the positions of Male Member and Female Member of the Republican Party State Committee from the 29th Assembly District. The record shows that the designating petitions correctly designated one candidate for Female Member (Murray) and one candidate for Male Member (Benoit).
We note that the Supreme Court failed to reach the Board's determination invalidating the designating petitions based on the objections filed, but since the record is complete, we reach the issue in the interest of judicial efficiency and economy (see generally Matter of Luthmann v Gulino, 131 AD3d 636, 637; Matter of McLiverty v Lefever, 133 AD2d 720, 721).
Election Law § 6-134(2) provides, in pertinent part: "Sheets of a designating petition shall be delivered to the board of elections in the manner prescribed by regulations that shall be promulgated by the state board of elections . . . . Such regulations shall be no more restrictive than is reasonably necessary for the processing of such petitions by the board . . . ." In addition, the New York State Board of Elections has enacted various regulations in compliance with the provisions of Election Law § 6-134(2) (see 9 NYCRR part 6215). Among other things, 9 NYCRR 6215.1 requires that any designating petition with 10 or more pages contain a cover sheet. Cover sheets must include, inter alia, the numbers of the volumes comprising the designating petition (see 9 NYCRR 6215.2[a][2]). In addition, under the rules of the Board here, in the event that multiple cover sheets or amended cover sheets are filed, "the last cover sheet or amended cover sheet to be filed shall [control]" (New York City Board of Elections rule C7). As the cover sheets filed by the petitioners bore the same time stamp, the Board was unable to tell which petition volume controlled, and thus, it properly invalidated the designating petitions insofar as they related to Benoit and Murray for the respective positions of Male Member and Female Member of the Republican Party State Committee from the 29th Assembly District (see generally Matter of Ighile v Board of Elections in City of N.Y., 66 AD3d 899, 900). Since the designating petitions insofar as they related to Benoit and Murray for those respective positions were also properly invalidated, we affirm the April 2021 order.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER: Aprilanne Agostino Clerk of the Court