Matter of Potiker v Bohlke (2022 NY Slip Op 03198)





Matter of Potiker v Bohlke


2022 NY Slip Op 03198


Decided on May 13, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 13, 2022

535355
[*1]In the Matter of Benjamin J. Potiker, Appellant,
v
Ralph Bohlke et al., Respondents, et al., Respondents.

Calendar Date:May 13, 2022

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Law Office of Joseph T. Burns, Williamsville (Joseph T. Burns of counsel), for appellant.
Greenberg Traurig, LLP, Albany (Robert M. Harding of counsel), for Ralph Bohlke and others, respondents.



Per Curiam.
Appeal from an order of the Supreme Court (Cuevas, J.), entered May 6, 2022 in Saratoga County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to, among other things, declare invalid the designating petition naming respondents Ralph Bohlke, Mark Laviolette, Linda Bohlke, Mark Kirker, Rachel Rissetto and Raul Rissetto as candidates for the party positions of delegate and alternate delegate to the Conservative Party Judicial Nominating Convention, Fourth Judicial District, from the 112th Assembly District in the June 28, 2022 primary election.
On April 4, 2022, a Conservative Party designating petition, along with a cover sheet indicating that it was volume one of one, was filed with respondent State Board of Elections purporting to designate respondents Ralph Bohlke and Mark Laviolette as candidates for the party position of delegate, and respondents Linda Bohlke and Mark Kirker as candidates for the party position of alternate delegate, to the Conservative Party Judicial Nominating Convention, Fourth Judicial District, from the 112th Assembly District in the June 28, 2022 primary election. On April 7, 2022, another volume of a designating petition was filed with the Board, along with a cover sheet indicating that it was volume two of two, again purporting to designate the aforementioned individuals as candidates for the same positions in the same primary election.[FN1]
Petitioner, an enrolled member of the Conservative Party and registered voter in the 112th Assembly District, subsequently filed general and specific objections with the Board alleging that the two-volume designating petition was invalid due to, among other reasons, over-designation of candidates.[FN2] On May 2, 2022, the Board invalidated 104 of the 276 signatures found in the two-volume designating petition, leaving 172 valid signatures, and determined that the designating petition contains the requisite number of signatures required for the designation sought and is therefore valid.
Shortly after filing his general and specific objections with the Board, petitioner commenced this proceeding pursuant to Election Law § 16-102 seeking to, among other things, invalidate the subject designating petition. Supreme Court dismissed petitioner's application, determined that the Board properly upheld the designating petition and directed the Board to place Ralph Bohlke and Mark Laviolette on the ballot as the candidates for the party position of delegate and Linda Bohlke and Mark Kirker as candidates for the party position of alternate delegate in the June 28, 2022 primary election. In so ruling, Supreme Court reasoned that only certain pages in the designating petition, and the signatures contained on those pages, were invalid because they purported to designate a greater number of candidates for public office or party position than the number of persons to be elected. The court also rejected, among other things, petitioner's claim that the [*2]designating petition and accompanying cover sheets failed to comply with the requirements set forth in the Election Law and the Board's regulations. Petitioner appeals.
We affirm. We begin with petitioner's contention that the designating petition should be invalidated in its entirety because certain pages contained within volume one designate a greater number of candidates for public office or party position than the number of persons to be elected, in violation of the Election Law. Addressing the issue of the over-designation of candidates, Election Law § 6-134 (3) provides that "[i]f a voter shall sign any petition or petitions designating a greater number of candidates for public office or party position than the number of persons to be elected thereto his [or her] signatures, if they bear the same date, shall not be counted upon any petition, and if they bear different dates shall be counted in the order of their priority of date, for only so many designees as there are persons to be elected" (see Matter of DeCicco v Chemung County Bd. of Elections, 93 NY2d 1008, 1009-1010 [1999]; see also 9 NYCRR 6215.4 [a] ["All the signatures appearing in a petition volume shall apply to all candidates named in that volume, unless the cover sheet specifies otherwise."]). Stated differently, this statutory provision provides, as relevant here, that, if on the same date, a voter signs any petition or petitions designating a greater number of candidates for public office than the number of persons to be elected thereto, the voter's signatures shall not be counted (see Matter of DeCicco v Chemung County Bd. of Elections, 93 NY2d at 1009-1010; Matter of Murray v Simon, 194 AD3d 894, 896 [2021], lv denied 36 NY3d 913 [2021]; Matter of Elgin v Smith, 10 AD3d 483, 484 [2004]).
There is no dispute that certain pages in volume one over-designated the number of candidates eligible for the positions of delegate and alternate delegate, requiring that those signatures "not be counted" (Election Law § 6-134 [3]). Contrary to petitioner's position, the over-designation and/or incorrect designation of candidates on certain pages of the designating petition did not require invalidation of the entire designating petition but rather, as Supreme Court found, required invalidation of only those pages containing the offending signatures. To invalidate the entire designating petition would run afoul of, and expand the remedy contained within, Election Law § 6-134 (3), which requires invalidation of only the signatures that over-designate and not invalidation of the entire designating petition. Only in cases where the signatures on every page of the designation petition over-designate the number of candidates would invalidation of the entire petition be required (see Matter of DeCicco v Chemung County Bd. of Elections, 93 NY2d at 1009 [holding that "the petition for an opportunity to ballot was also invalid under Election Law § 6-134 (3) inasmuch as all of the voters signing [*3]that petition had also signed the designating petition on the same date" (emphasis added)]; Matter of Murray v Simon, 194 AD3d at 894; Matter of Elgin v Smith, 10 AD3d at 484 [invalidating the designating petition where "each voter signature at issue designated on the same date a greater number of candidates for public office or party position than the number of persons to be elected" (emphasis added)]). Accordingly, we decline to disturb Supreme Court's treatment of volume one of the designating petition or the court's invalidation of only the offending signatures contained therein.
We also disagree with petitioner's claim that the designating petition and accompanying cover sheets failed to comply with the requirements set forth in the Election Law and the Board's regulations. Election Law § 6-134 (2) requires that a designating petition "be delivered to the [B]oard of [E]lections in the manner prescribed by regulations that shall be promulgated by the [Board]." In turn, the Board's regulations provide, as relevant here, that, "[i]n the event that the same candidates do not appear on each and every sheet of the [designating] petition, then the cover sheet shall indicate which signatures apply to which candidate, by indicating the name of the candidate, the identification number or the volume number, and the page number of the applicable signatures. Signatures on such pages may be identified by specified numerical ranges (e.g., pages 1 through 15, pages 15-45)" (9 NYCRR 6215.4 [b]; see also 9 NYCRR 6215.1 [e] [3] [requiring each volume of designating petitions containing 10 or more sheets to have a cover sheet secured to the front of such volume]).
The parties do not dispute that the four candidates specified on the cover sheets are, on certain pages contained within the designating petition, listed in different combinations or otherwise "do not appear on each and every sheet of the [designating] petition" (9 NYCRR 6215.4 [b]), thereby seemingly triggering the regulatory requirement that additional information be provided on the cover sheet, which was not done here. However, the concerns addressed by this regulation are not present here. The designating petition does not intend to hide, bury or otherwise seek to designate additional candidates or combinations of candidates that differ from those four specific candidates listed on the cover sheets, the occurrence of which would obviously frustrate "the notice and informational purposes" of the Election Law (Matter of Pecoraro v Mahoney, 65 NY2d 1026, 1028 [1985]; see Matter of Saunders v Egriu, 183 AD3d 1292, 1294 [2020] [invalidating the designating petition based upon errors contained in the cover sheets, which designated a candidate for two different political parties, because the defect was not a mere violation of a technical nature with no bearing upon the underlying purpose of preventing fraud], lv denied 35 NY3d 905 [2020]). Regardless of irregularities and typographic errors contained [*4]on certain pages within the designating petition, the designating petition sought only to designate those four candidates listed on the cover sheets; to wit, Ralph Bohlke and Mark Laviolette, as delegates, and Linda Bohlke and Mark Kirker, as alternate delegates. Moreover, by invalidating those signatures and pages from the designating petition that over-designated the number of candidates, the antecedent regulatory condition that "the same candidates do not appear on each and every sheet of the petition" was no longer implicated (9 NYCRR 6215.4 [b]), and the cover sheets therefore did not need to contain the additional information specified in 9 NYCRR 6215.4 (b).[FN3] To the extent that we have not addressed any of petitioner's remaining contentions that are properly before us, they are either academic in light of our decision or have been considered and found to be without merit.
Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: On April 8, 2022, an amended cover sheet was filed for volume one, stating that it was volume one of two.

Footnote 2: According to the Conservative Party call, two people may be elected to the position of delegate from the aforementioned Assembly District, and the designating petition for such position must contain a minimum of 101 valid signatures.

Footnote 3: To the extent that it could be argued that Matter of Pecoraro v Mahoney (65 NY2d 1026, 1028 [1985]) might dictate a different result, that decision was decided by the Court of Appeals 12 years prior to the enactment of the regulatory provision at issue here, and we therefore find Matter of Pecoraro, as well as the former statutory requirements at issue in that case (see Election Law § 6-134 former [2]), to be of limited and/or diminished import to the matter at hand.