Per Curiam.

On May 7, 1970, a petition for the nomination of Barry Gottehrer in the Liberal Party for Congressman, 19th Congressional District, was filed with the Board of Elections.
Mr. Gottehrer was enrolled in the Democratic Party and in view of this status a certificate pursuant to Election Law (§ 137, subd. 4) executed by the County Committee of the Liberal Party was filed May 11 consenting to his nomination.
Two days later, May 13, Mr. Gottehrer filed with the board a declination of the nomination, whereupon the Committee to Fill Vacancies named in the designating petition filled the vacancy by naming appellant Barry Farber, an enrolled member of the Republican Party, in a certificate filed May 18 and on the same day an authorization was filed by the County Committee of the Liberal Party for the substitution of Mr. Farber.
These proceedings, in form, in authorization, and in time sequences, all followed the provisions of statute. The designation of Mr. Farber has been held invalid because of an informal “ announcement ” by Mr. Gottehrer on May 4, before the circulation of his designating petition had been completed, but after its circulation had begun, that he would decline designation. This was nine days before he filed the declination with the board.
The fact that the proposed candidate informally announced his intention not to accept a nomination before the petition had been fully circulated, in the absence of some showing of an intent by the candidate and Committee to Fill Vacancies to circumvent the normal nominating process, will not invalidate the action of the Committee to Fill Vacancies. No fraud or purpose to circumvent the statute is shown by the record in the case.
*567 The circulation of the designating petition set in motion a process in which both the Committee to Fill Vacancies and the signatories to the petition had a legal right to have a future vacancy in the designation filled. This would apply equally to those who had signed the petition after, as well as before, the informal announcement of intended declination.
The stipulation that 22 signers on the petition would testify, if called as witnesses, that they would not have signed the petition if they had known there would be a substitution in the designee is not decisive in the case.
A plan to utilize a stand-in candidate who intends to decline in order to permit a Committee to Fill Vacancies to control a designation, if sufficiently established as a means of circumventing the policy of the Election Law, may be held invalid.
There is no basis to hold in this present case that the proponents, the signers, or the Committee to Fill Vacancies, in the Liberal Party intended by means of the petition for the Democrat Gottehrer to turn the designation over to the Republican Farber. Rather the record shows that after the process of designation had started Gottehrer decided not to take it. The statute has been fully complied with.
The order .should be reversed, without costs, and the orders of Special Term dismissing the petition reinstated.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur in Per Curiam opinion.
Order reversed, without costs, and the orders of Supreme Court, New York County, reinstated.