petition designating William F. X. Klan as a candidate for the office of County Court Judge, Catherine T. England and James F. X. Doyle for the office of Family Court Judge, and Anthony R. Corso for the office of District Court Judge, First District, Suffolk County, in the Conservative Party primary election to be held on September 13, 1983, the appeal is from a judgment of the Supreme Court, Suffolk County (Kelly, J.), dated August 22, 1983, which, after a hearing, granted the application. Judgment reversed, on the law, without costs or disbursements, and application denied. The board of elections is directed to restore appellants' names to the appropriate ballot. Special Term invalidated the designating petition on the ground that the candidates, who are not members of the Conservative Party, failed to obtain authorization as required by subdivision 3 of section 6-120 of the Election Law. The court concluded that the Rules and Regulations of the Conservative Party of the State of New York and of the Suffolk County Committee of the Conservative Party may validly impose this requirement on candidates for judicial office even though subdivision 4 of section 6-120 expressly exempts such candidates from that requirement. We disagree. The Rules and Regulations of the Conservative Party are clearly inconsistent with the obvious legislative intent to exempt candidates for judicial office from the requirements of subdivision 3 of section 6-120 of the Election Law (Election Law, § 6-120, subd 4). Those rules and regulations, which are inconsistent with the afore-mentioned legislative intent, cannot be enforced. Accordingly, the court's reliance on *Matter of Kahler v McNab* (48 NY2d 625) is misplaced. Mollen, P. J., Gibbons, Brown and Rubin, JJ., concur.

■ In the Matter of ANTHONY GRANCIO, Appellant, v FRANK COVENEY et al., Constituting the Board of Elections of the County of Suffolk, et al., Respondents. — In a proceeding to invalidate the petition designating Benedict P. Vuturo, Charles Tomasella and Raymond J. Nugent as candidates in the Conservative Party primary election to be held on September 13, 1983, for the office of District Court Judge, Fifth District, the appeal is from a judgment of the Supreme Court, Suffolk County (Corso, J.), dated August 19, 1983, which dismissed the application. Judgment affirmed, without costs or disbursements. The court properly dismissed the application because, as conceded, petitioner failed to serve notice of specifications of objections as required by 9 NYCRR 6204.1 (b). In addition, we note that candidates for a judicial office are exempt from the authorization requirement of subdivision 3 of section 6-120 of the Election Law (see *Matter of Grancio v Coveney,* 96 AD2d 917). Mollen, P. J., Gibbons, Brown and Rubin, JJ., concur.

■ In the Matter of CHARLES H. GREEN, Appellant, v EVERETT F. McNAB et al., Constituting the Board of Elections of the County of Suffolk, Respondents. — In a proceeding to invalidate a petition designating Andrew J. Schmitz, III, and Daniel Martin as candidates in the Republican Party primary election to be held on September 13, 1983, for the office of Member of the Republican County Committee, 6th Election District, Town of Huntington, the appeal is from a judgment of the Supreme Court, Suffolk County (Mallon, J.), dated August 18, 1983, which denied the application. Judgment reversed, on the law, without costs or disbursements, application granted and the board of elections is directed to remove the names of Andrew J. Schmitz, III, and Daniel Martin from the appropriate ballot. In an affidavit filed with the board of elections, designee Andrew J. Schmitz, III, denied having given his consent to the placement of his name on a designating petition for the 6th Election District. Absent that consent, the entire designating petition should have been invalidated (see *Matter of Richardson v Luizzo,* 64 AD2d 942, affd 45 NY2d 789;

*Matter of Berman v Venturini,* 64 AD2d 940; *Matter of Parrilla v Kremar,* 64 AD2d 942). Mangano, J. P., Thompson, Niehoff and Boyers, JJ., concur.