■ SAM Z. GDANSKI et al., Appellants, v ROCKLAND COUNTY BOARD OF ELECTIONS et al., Respondents, and FREDERICK J. RELLA et al., Respondents-Respondents. — In a proceeding to invalidate the designation by the Liberal Party of Frederick J. Rella as the candidate to fill a vacancy created by the declination of a previously designated candidate for the public office of Town Supervisor of the Town of Ramapo, the petitioners appeal from a judgment of the Supreme Court, Rockland County (Dickinson, J.), dated October 13, 1983, which dismissed the proceeding. Judgment reversed, on the law, without costs or disbursements, petition granted, the "Certificate Filling Vacancy After Declination" is invalid, and the board of elections is directed to remove Frederick J. Rella's name from the appropriate ballot. Petitioners assert, and the Liberal Party respondents concede, that the original nomination made by the Liberal Party of Rockland County for Town Supervisor of the Town of Ramapo was void (*Matter of Lucchese v Rotella,* 97 AD2d 645, affd 60 NY2d 815). In *Lucchese* the Third Department held that the nomination of candidates by convention in Rockland County rather then by caucus or primary election violated subdivision 1 of section 6-108 of the Election Law. Concededly, the original nomination at issue was made at the Liberal Party convention. Although they acknowledge that the original nomination was void, the Liberal Party respondents contend that petitioners are not entitled to the relief sought, namely, invalidation of the designation of a candidate to fill the "vacancy" created by the declination of the candidate originally designated, because they failed to raise their objections within 10 days after the holding of the convention as required by subdivision 2 of section 16-102 of the Election Law. We disagree. The original nomination was void. Consequently, the declination by the candidate originally nominated, which was filed on September 23, 1983, also was void and no vacancy was created within the meaning of the Election Law. By filing the certificate filling vacancy after declination on September

27, 1983, the committee to fill vacancies was attempting to fill a vacancy which did not in fact exist. Petitioner commenced the instant proceeding on October 4, 1983. We note that an earlier proceeding by one of the petitioners at bar was discontinued when the candidate nominated at the convention declined the nomination. Petitioners were not aggrieved until the certificate filling vacancy after declination was filed, and it is from that date that the time to bring the instant proceeding must be calculated. Accordingly, we deem the instant proceeding to have been timely commenced, and we hold that the designation of Frederick J. Rella by the committee to fill vacancies is null and void. Lazer, J. P., Bracken, Brown and Niehoff, JJ., concur.