OPINION OF THE COURT
F. Warren Travers, J.
An independent nominating petition was filed with the State of New York Board of Elections designating Lyndon H. LaRouche, Jr. as a candidate for President of the United States. The original petition named certain persons as candidates for the position of electors of the President of the United *532 States. The petitioners in this proceeding were selected by the Committee on Vacancies to replace those originally designated as electors.
The respondent made an administrative determination that the petitioners failed to qualify to be on the ballot for the general election to be held November 3,1992.
The petitioners commenced this special proceeding pursuant to article 16 of the Election Law seeking a declaration by the court validating the petition and directing that the name of Lyndon H. LaRouche, Jr. be placed on the ballot.
The petitioners do not dispute that a timely acceptance of the nomination by the originally designated electors was not filed pursuant to sections 6-146 (1) and 6-158 (11) of the Election Law. The originally designated presidential electors have filed with the court affidavits that they did not receive notification from the Board of Elections of the requirement to accept or decline, until after the deadline had passed. Upon these undisputed facts, the petitioners advance two arguments to show how they have complied with the requirements of the Election Law.
The petitioners contend first that, as substituted electors, they have timely filed acceptances. The difficulty with this argument is that the Committee on Vacancies may only designate substitute electors when there is a vacancy. The originally designated electors never filed declinations thus no vacancies were created. The Committee on Vacancies had no reason to act as no vacancies existed. Additionally, the Board of Elections determined that the independent nominating petition was invalid. Since the original nominating petition itself was deemed invalid, there was no vacancy created within the meaning of the Election Law (see, Matter of Nowik v Jablonski, 133 AD2d 874).
Secondly, the petitioners argue that the filing of an acceptance by Lyndon H. LaRouche, Jr. satisfies the requirements of the Election Law. Petitioners contend that section 12-100 of the Election Law excuses the original electors from the requirement of filing timely acceptances. Prior to 1988, the names of the presidential electors appeared on the ballot. A change in the law in 1988 altered the physical appearance of the ballot. Presently the names of the presidential electors do not appear, only the names of the presidential and vice-presidential candidates. The votes cast for the President and Vice-President of the United States are deemed cast for the candi *533 dates for elector named in the independent nominating petition. Section 12-100 of the Election Law makes it clear that while the names of the presidential electors do not actually appear on the ballot, they are, nonetheless, candidates for office.
In Matter of Mahoney v Lomenzo (14 NY2d 952) the Court ruled that candidates for presidential elector are required to file acceptances. The court concludes that section 12-100 of the Election Law has not altered that requirement.
The original presidential electors’ failure to timely file certificates of acceptances is a fatal defect (Election Law § 1-106 [2]) and the judiciary is foreclosed from fashioning any exceptions however reasonable they might appear (Matter of Baker v Monahan, 42 NY2d 1074; Matter of Irvin v Sachs, 129 AD2d 827; Matter of Sheehan v Aylward, 84 AD2d 602). Both Baker and Sheehan make it clear that the failure of the Board of Elections to timely notify candidates of the requirement to file acceptances or declination does not excuse the filing date deadline and the court is without authority to excuse late filing.
Upon the foregoing the court concludes that the petitioners have failed to comply with the requirements of the Election Law in order to secure a line of the November 3, 1992 general election ballot.
Therefore, it is
Ordered, adjudged and decreed that the petition is hereby dismissed without costs.