(August 19, 1999)

■ In the Matter of ROBERT J. MAURER et al., Appellants, v MICHAEL J. MONESCALCHI et al., as Commissioners of the Board of Elections of the County of Albany, Respondents. [694 NYS2d 251] —Per Curiam. Appeal from an order of the Supreme Court (Teresi, J.), entered August 6, 1999 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare valid the designating petition naming petitioners as the Liberal Party candidates for various offices within Albany County in the September 14, 1999 primary election.

On July 14, 1999, a designating petition was filed with the Albany County Board of Elections naming 11 individual petitioners, who are not enrolled members of the Liberal Party, as the Liberal Party candidates for the offices of Albany County Executive, County Comptroller, County Coroner, County Legislator and Council Member of the Town of Bethlehem. A certificate of authorization from the Liberal Party's Executive Committee, directed to the County Board but misaddressed to the State Board of Elections, was mailed on July 19, 1999 (the last day for filing the authorization with the County Board [see, Election Law § 6-158 (1)]). Received by the State Board on July 21, 1999, the authorization was rejected by the State Board which declined to forward it to the County Board, reasoning that the filing deadline had already expired.

Petitioners thereafter commenced this proceeding seeking to validate the designating petition and certificate of authorization. Supreme Court, concluding that petitioners' failure to timely file the certificate of authorization with the County Board was a fatal defect which required invalidation of the designating petition (see, Election Law § 1-106 [2]), dismissed the proceeding. Petitioners appeal and we affirm.

Because the State Board actually received the certificate of authorization beyond the deadline for filing with the County Board, we agree that the authorization was not timely filed as mandated by Election Law § 6-120 (3) and that Supreme Court properly found petitioners' designating petition to be invalid

(*cf.*, *Matter of Lozano v Scaringe*, 253 AD2d 569, *lv denied* 92 NY2d 806). As this failure constitutes a fatal defect rather than a mere technicality (*see*, *Matter of Van Stockum v Castine*, 218 AD2d 915; *see also*, Election Law § 1-106 [2]), we cannot conclude that the equitable remedy of opportunity to ballot should be applied (*see*, *Matter of Plunkett v Mahoney*, 76 NY2d 848; *Matter of Harden v Board of Elections*, 74 NY2d 796).

Cardona, P. J., Mercure, Peters, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.