■ In the Matter of VIOLA J. HUNTER et al., Respondents, v NEW YORK STATE BOARD OF ELECTIONS, Respondent, and NANCY A. BROWN, Appellant. [820 NYS2d 191]—

Per Curiam. Appeal from an order of the Supreme Court (Stein, J.), entered August 14, 2006 in Albany County, which, upon reconsideration, granted petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent Nancy A. Brown as the Conservative Party candidate for the public office of State Senator for the 49th Senate District in the September 12, 2006 primary election.

A petition designating Thomas V. Dadey, Jr. as the Conservative Party candidate for the public office of State Senator for the 49th Senate District in the September 12, 2006 primary election was filed with respondent State Board of Elections on July 12, 2006. Dadey, who was not enrolled as a member of the Conservative Party, filed a certificate of declination on July 17, 2006; at the time of that filing, he had not obtained a Wilson-Pakula authorization (see Election Law § 6-120 [3]). On July 24, 2006, a certificate of substitution by the committee to fill vacancies was filed which designated respondent Nancy A. Brown, an enrollee in the Conservative Party, as the candidate replacing Dadey in the primary election. Petitioners commenced this proceeding seeking to invalidate Brown's designating petition on the ground, among other things, that her substitution for Dadey was invalid. Supreme Court initially dismissed the petition but, upon petitioners' motion to renew or reargue, held Brown's designating petition to be invalid and granted the petition to invalidate. Brown appeals, and we affirm.

Several threshold issues must be preliminarily addressed. Brown contends that petitioners' motion to renew was improper because they unjustifiably submitted facts that were available at the time of the original application (see CPLR 2221 [e] [2], [3]). Supreme Court, however, expressly noted the irrelevancy of the new facts, and petitioners' motion was treated not as a motion to renew, but as a motion to reargue based upon the court's

prior misapprehension of the law (see CPLR 2221 [d] [2]). Further, Supreme Court's consideration of the motion to reargue without petitioners' resubmission of the original papers was not an abuse of discretion under the circumstances of this case (see *Matter of Town of Wallkill Unit of Orange County Ch., Civ. Serv. Empls. Assn. [Town of Wallkill]*, 52 AD2d 586 [1976]). Nor is the committee to fill vacancies a necessary party to this proceeding (see *Matter of Berman v Board of Elections of County of Nassau*, 68 NY2d 761, 763 [1986]).

Turning to the merits of the matter, a candidate may be substituted when a designated candidate has declined the designation (see Election Law § 6-148). The designating petition of a person not enrolled in the party is not valid, however, unless a Wilson-Pakula authorization has been filed (see Election Law § 6-120 [1], [3], [4]; *Matter of Plunkett v Mahoney*, 76 NY2d 848, 850 [1990]; *Matter of Maurer v Monescalchi*, 264 AD2d 542, 542-543 [1999], *lv denied* 93 NY2d 816 [1999]). In the absence of a valid designating petition, a declination does not create a vacancy within the meaning of the Election Law (see *Matter of Leemhuis v State of N.Y., Bd. of Elections*, 186 AD2d 863 [1992], *affg on op below* 155 Misc 2d 531 [1992]; *Matter of Nowik v Jablonski*, 133 AD2d 874, 875 [1987]; *Gdanski v Rockland County Bd. of Elections*, 97 AD2d 744, 744-745 [1983]). Here, because a Wilson-Pakula authorization for Dadey's designation was not filed, his designating petition was not yet valid at the time of his declination, no vacancy was created by his declination and the substitution of Brown for Dadey was invalid. Accordingly, Supreme Court correctly determined that the substitution of Brown was invalid.

Cardona, P.J., Crew III, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.