■ In the Matter of KENNETH P. HARPER, Appellant, v NEW YORK STATE BOARD OF ELECTIONS et al., Respondents. [823 NYS2d 297]—Per Curiam. Appeal from an order of the Supreme Court (McNamara, J.), entered November 1, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to, inter alia, declare invalid the certificates of declination of respondent Willis H. Stephens, Jr. as the Conservative Party and Independence Party candidate for the office of Member of the State Assembly for the 99th Assembly District in the November 7, 2006 general election.

In September 2006, respondent Willis H. Stephens, Jr., an enrolled member of the Republican Party, was nominated as the candidate for the office of Member of the State Assembly for the 99th Assembly District by the Conservative and Independence Parties. On September 26, 2006, certificates of nomination were filed naming Stephens as the Conservative Party and Republican Party candidate for the office of Supreme Court Justice for the 11th Judicial District. Stephens then filed certificates of declination with respect to his nominations for the Assembly, which were received by respondent State Board of Elections on October 3, 2006. On October 4, 2006, certificates of nomination and substitution were filed with the Board naming respondent Greg Ball as the candidate to fill the purported vacancy for Member of the State Assembly for the 99th Assembly District for the Independence Party and Conservative Party.

Petitioner, the Democratic Party and Working Families Party candidate for the 99th Assembly District, commenced this proceeding alleging that Stephens' certificates of declination are invalid as they were not timely filed with the Board and, as a consequence, no vacancy was created. According to petitioner, as there was no vacancy, Ball could not be substituted for Stephens and, thus, Stephens should appear on the ballot as the Conservative Party and Independence Party candidate for the 99th Assembly District. Supreme Court dismissed the petition pursuant to CPLR 1003 based on petitioner's failure to join necessary parties, namely, the Conservative Party and the Independence Party. Petitioner now appeals.

We cannot agree that the Conservative Party and the Independence Party are necessary parties to the instant proceeding. Here, petitioner challenges the validity of Stephens' certificates of declination on the basis that they were not timely filed with the Board (*see* Election Law § 6-146). Inasmuch as such challenge concerns the "legislatively mandated requirements of the Election Law" (*Matter of Breslin v Connors*, 10 AD3d 471, 473 [2004], *lv denied* 3 NY3d 603 [2004]), petitioner's requested relief can be granted without joining the Conservative Party and Independence Party and without those parties being inequitably affected by such judgment (*see* CPLR 1001 [a]; *Matter of O'Brien v Seneca County Bd. of Elections*, 22 AD3d 1036, 1036 [2005] [certificate of nomination]; *Matter of Seaman v Bird*, 176 AD2d 1061, 1062 [1991]; *Matter of Michaels v New York State Bd. of Elections*, 154 AD2d 873, 874 [1989]). Furthermore, we find that service was effectuated on respondents in a manner set forth in the order to show cause (*see Matter of Rue v Hill*, 287 AD2d 781, 782 [2001], *lv denied* 97 NY2d 602 [2001]).

Turning to the merits, we find that Stephens' certificates of declination were not timely filed with the Board. Election Law § 6-146 (5) provides that "[a] person who has been nominated for public office by a party or parties and who is thereafter nominated for another office by one or more of such parties . . . may decline such first nomination or nominations not later than the third day after the filing of the certificate of his [or her] nomination or nominations for such other office." The certificates of nomination designating Stephens as the Conservative Party and Republican Party candidate for the office of Supreme Court Justice for the 11th Judicial District were filed on September 26, 2006, making September 29, 2006 the last possible day for Stephens to file certificates of declination for his nominations for Member of the State Assembly for the 99th Assembly District (*see* Election Law § 6-146 [5]). However, it is uncontroverted that the certificates of declination were not postmarked until October 2, 2006, which renders them untimely and, thus, fatally defective (*see* Election Law § 1-106; *Matter of Baker v Monahan*, 42 NY2d 1074 [1977]). Inasmuch as the declinations are invalid, no vacancy was created within the meaning of the Election Law and the substitution of Ball was also void (*see Matter of Hunter v New York State Bd. of Elections*, 32 AD3d 662 [2006]; *Gdanski v Rockland County Bd. of Elections*, 97 AD2d 744, 744-745 [1983]). In light of the foregoing, Stephens must remain on the ballot as the Conservative Party and Independence Party candidate for the 99th Assembly District (*see Matter of Burns v Wiltse*, 303 NY 319, 323 [1951]).

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, petition granted and the certificates of declination of respondent Willis H. Stephens, Jr. and the certificates of substitution naming respondent Greg Ball as the Conservative Party and Independence Party candidate for the office of Member of the State Assembly for the 99th Assembly District are declared to be invalid.