(August 21, 2009)

■ In the Matter of PATRICIA J. RUCK et al., Appellants, v GREENE COUNTY BOARD OF ELECTIONS et al., Respondents, and KEITH W. VALENTINE et al., Respondents. [884 NYS2d 288]—

Per Curiam. Appeal from a judgment of the Supreme Court (Platkin, J.), entered August 7, 2009 in Greene County, which, among other things, partially denied petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petitions naming respondents Keith W. Valentine, Karen A. Deyo, Joseph F. Izzo and Linda L. Overbaugh as Republican Party and Conservative Party candidates for the office of Greene County Legislator for the 1st Legislative District in the September 15, 2009 primary elections.

The record reveals that respondent Linda L. Overbaugh (hereinafter Overbaugh), a resident of the Village of Catskill in Greene County and registered Republican Party member, was mistakenly named on designating petitions for the September

15, 2009 Republican Party and Conservative Party primary elections, instead of an unrelated individual with a similar name.[1] Respondents Keith W. Valentine, Karen A. Deyo and Joseph F. Izzo were also named on the designating petitions as candidates for the four available offices of Greene County Legislator for the 1st Legislative District.

Petitioner Patricia J. Ruck, a registered voter residing in the district, timely filed general objections, followed by specifications, with respondent Greene County Board of Elections (see Election Law § 6-154 [2]). The Board, consisting of respondents Thomas J. Burke and Carol Engelmann, failed to reach agreement regarding the objections and the petitions remained valid. Thereafter, Ruck and petitioner Forest Cotten, a candidate for the office of Greene County Legislator for the 1st Legislative District in the September 15, 2009 primaries of the Democratic Party, Independence Party and Working Families Party, commenced this proceeding seeking, among other things, to invalidate the designating petitions with respect to all four candidates. Supreme Court invalidated the designations of Overbaugh on the Republican Party and Conservative Party petitions,[2] but declined to do so with respect to Valentine, Deyo and Izzo, prompting this appeal by petitioners.

Petitioners contend that the placement of Overbaugh's name on the designating petitions without her consent automatically requires invalidation of each designating petition in its entirety as fraudulent. We do not agree. While, under certain circumstances, the inclusion of an individual on a designating petition without his or her consent has been found to require invalidation of the entire petition (see e.g. Matter of Green v McNab, 96 AD2d 918, 918-919 [1983], affd for reasons stated below 60 NY2d 600 [1983]; Matter of Richardson v Luizzo, 64 AD2d 942, 943 [1978], affd for reasons stated below 45 NY2d 789 [1978]), that result is not mandated in every case where the consent of a candidate was not obtained (see Matter of Grumbach v Orange County Bd. of Elections, 43 AD3d 477, 477 [2007]).

Here, while it is undisputed that Overbaugh did not consent to the placement of her name on the designating petitions, it is

---

**1.** The record demonstrates that the office was actually being sought by nonparty Linda H. Overbaugh, who, coincidentally, was also a registered Republican Party member living in the Village of Catskill.

**2.** We note that respondents did not cross-appeal from Supreme Court's invalidation of the designating petitions with respect to Overbaugh. Accordingly, the propriety of the invalidation is not properly before us and our decision should not be construed as passing upon the merits of that aspect of the court's ruling.

also clear from the submissions before us that the placement of her name and address on the petitions instead of those of Linda H. Overbaugh was an inadvertent error with no intent "to mislead or confuse" (*Matter of Petersen v Board of Elections of City of N.Y.*, 218 AD2d 776, 776 [1995]). Thus, the designating petitions herein cannot "be considered to have been permeated with [a] defect intentionally introduced into them by the circulators and those candidates who participated in the circulation" (*Matter of Lutfy v Gangemi*, 35 NY2d 179, 182 [1974]). Moreover, "[n]o fraud or purpose to circumvent the statute is shown by the record in th[is] case" (*Matter of Farbstein v Suchman*, 26 NY2d 564, 566-567 [1970]; *see Matter of Shaw v Board of Elections of City of N.Y.*, 32 NY2d 833, 834 [1973]), nor is there any proof raising an inference that the mistake caused any confusion among the voters. Accordingly, under the facts of this case, we find that the erroneous inclusion of Overbaugh's name on the designating petitions does not require invalidation of the petitions with respect to Valentine, Deyo and Izzo (*see Matter of Grumbach v Orange County Bd. of Elections*, 43 AD3d at 477; *see generally Matter of Miller v Boyland*, 143 AD2d 237 [1988]).

Cardona, P.J., Kavanagh, Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.