■ In the Matter of FOREST COTTEN, Respondent, v GREENE COUNTY BOARD OF ELECTIONS et al., Respondents, and PETER J. MARKOU et al., Appellants. [884 NYS2d 290]—

Per Curiam. Appeal from a judgment of the Supreme Court (Platkin, J.), entered August 19, 2009 in Greene County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid certificates of substitution naming respondent Linda H. Overbaugh as a Republican Party and Conservative Party candidate for the office of Greene County Legislator for the 1st Legislative District in the September 15, 2009 primary elections.

As discussed more fully in *Matter of Ruck v Greene County Bd. of Elections* (65 AD3d 808 [2009] [decided herewith]), the petitions designating Republican Party and Conservative Party candidates for the office of Greene County Legislator for the 1st Legislative District in the September 15, 2009 primary elections mistakenly named Linda L. Overbaugh (hereinafter Overbaugh) as a candidate instead of naming the person interested in run-

ning for that position, respondent Linda H. Overbaugh (hereinafter respondent). In a proceeding challenging the validity of the designating petitions, Supreme Court, as relevant herein, invalidated the petitions with respect to Overbaugh without opposition.

Following Supreme Court's decision in that case, respondents Peter J. Markou and Frank J. Porto III, in their capacity as the Republican Party Committee to Fill Vacancies, and respondents Raymond Pacifico and Nicholas J. Passero, in their capacity as the Conservative Party Committee to Fill Vacancies, filed certificates of substitution with respondent Greene County Board of Elections designating respondent to fill the purported vacancies created by the invalidation. Petitioner, a candidate for the office of Greene County Legislator for the 1st Legislative District for the September 15, 2009 primaries of the Democratic Party, Independence Party and Working Families Party, commenced this proceeding seeking, among other things, a declaration that the certificates of substitution are invalid. Supreme Court granted the petition and respondent, Markou and Porto (hereinafter collectively referred to as respondents) now appeal, as limited by their brief, from that part of Supreme Court's order which invalidated the certificate of substitution seeking to fill the purported Republican Party vacancy.

Respondents urge this Court to rule that the exclusion of Overbaugh from the ballot in *Matter of Ruck v Greene County Bd. of Elections* (*supra*) resulted in a vacancy that could properly be filled with a certificate of substitution (*see* Election Law § 6-148 [1]). However, Supreme Court explicitly invalidated the designating petitions with respect to Overbaugh in that case and no cross appeal was taken from that holding. Due to that invalidation, no vacancy within the meaning of the Election Law has been created (*see Matter of Elgin v Smith*, 10 AD3d 483, 484-485 [2004]; *Matter of Leemhuis v State of N.Y., Bd. of Elections*, 186 AD2d 863 [1992], *affg for reasons stated below* 155 Misc 2d 531 [1992]; *Matter of Nowik v Jablonski*, 133 AD2d 874, 875 [1987]). Accordingly, the certificate of substitution was, in turn, properly invalidated (*see Matter of Harper v New York State Bd. of Elections*, 34 AD3d 919, 920 [2006]; *Matter of Nowik v Jablonski*, 133 AD2d at 875).

Cardona, P.J., Kavanagh, Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.