*1170 Appeal from an order of the Supreme Court, Chautauqua County (John T. Ward, A.J.), entered August 6, 2010 in a proceeding pursuant to the Election Law. The appeal was held by this Court by order entered August 20, 2010, decision was reserved and the matter was remitted to Supreme Court, Chautauqua County, for further proceedings (76 AD3d 797 [2010]). The proceedings were held and completed (James H. Dillon, J).
It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the petition is granted, the certificate of declination and the certificate of substitution are invalidated, and respondent Chautauqua County Board of Elections, by Norman Green and Brian Abram, as Election Commissioners, is directed to remove the name of respondent Nancy G. Bar gar as the Independence Party candidate for the office of Member of the State Assembly for the 150th District for the general election to be held November 2, 2010.
Memorandum: Petitioner commenced this proceeding seeking, inter alia, to invalidate the certificate of declination allegedly filed by respondent William L. Parment with respect to Parment’s designation as the Independence Party candidate for the office of Member of the State Assembly for the 150th District and to invalidate the certificate of substitution naming respondent Nancy G. Bargar as the Independence Party candidate for that office. Supreme Court dismissed the petition, and petitioner appealed. We previously concluded that the record was insufficient to determine whether the certificate of declination was properly filed pursuant to the Election Law, and we therefore held the case, reserved decision and remitted the matter to Supreme Court for an expedited hearing (Matter of Goodell v Parment, 76 AD3d 797 [2010]). Based on the evidence presented at the hearing upon remittal, we conclude that the court erred in dismissing the petition.
We note at the outset that, contrary to the contention of Norman Green, the Democratic Election Commissioner of respondent Chautauqua County Board of Elections (Board), petitioner is an “aggrieved candidate” (Election Law § 16-102 [1]), and he therefore has standing to commence this proceeding. Petitioner’s challenge to the certificates of declination and substitution “is not based on an internal party rule” (Matter of Ciccotti v Havel, 186 AD2d 979 [1992], Iv denied 80 NY2d 754 [1992]) but, rather,
*1171 it concerns the “legislatively mandated requirements of the Election Law [that] ‘transcend the mere regulation of the affairs of a political party’ ” (Matter of Breslin v Conners, 10 AD3d 471, 473-474 [2004], Iv denied 3 NY3d 603 [2004]; see Matter of Harper v New York State Bd. of Elections, 34 AD3d 919, 920 [2006]; see generally Matter of Liepshutz v Palmateer, 112 AD2d 1098, 1099-1100 [1985], affd 65 NY2d 963 [1985]).
We agree with petitioner that the Parment certificate of declination was not filed with the Board in accordance with the requirements of Election Law §§ 6-144 and 6-146. Parment testified at the hearing that, after executing the certificate of declination in Green’s office, he left the certificate with Green and assumed that Green would “officially” file it. The conveyance of such a certificate to a board of elections official “with the understanding that [he or] she would file [it] in the office of the [b]oard does not comply with the statutory requirement that the [certificate] be filed in [that] office” (Matter of Gregorio v Harris, 154 AD2d 889 [1989], Iv denied 74 NY2d 609 [1989]; see also Matter of Pasquerella v Sunderland, 207 AD2d 515 [1994]). Although Green thereafter mailed Parment’s certificate of declination to himself and obtained a postmark on the envelope on July 19, 2010, the last day on which to file that certificate in a timely manner, Green did not file the certificate and have it marked with the date and time stamp required by Election Law § 6-144 “at the time of filing” until one week after the deadline. Under the unique circumstances of this case, we conclude that Green’s actions in obtaining a timely postmark on the envelope containing the certificate of declination did not effect a “filing” thereof pursuant to Election Law § 1-106. Inasmuch as Parment’s certificate of declination was untimely filed and otherwise was not filed in accordance with the customary procedures of the Board and with Election Law §§ 6-144 and 6-146, it is invalid and thus “no vacancy was created within the meaning of the Election Law and the substitution of [Bargar] was also void” (Harper, 34 AD3d at 920). Present—Peradotto, J.E, Lindley, Pine and Gorski, JJ.