■ In the Matter of JOSPEH A. TURDIK et al., Respondents, v IRA L. BERNSTEIN, Appellant, and ANITA S. KATZ et al., Respondents, et al., Respondents. [928 NYS2d 866]—

The Suffolk County Board of Elections (hereinafter the Board of Elections) determined that a petition designating Ira L. Bernstein as a candidate was invalid, and no judicial proceeding was ever commenced seeking to validate that designating petition. Since, pursuant to Election Law § 6-148 (1), a valid designating petition is a prerequisite to the creation of a vacancy (*see Testa v Ravitz*, 84 NY2d 893, 895 [1994]), no vacancy was created which the Committee Authorized to Fill Vacancies named in Bernstein's designating petition was authorized to fill. In this procedural posture, we need not reach the issue of whether the Board of Elections properly invalidated Bernstein's designating petition (*see Matter of Cotten v Greene County Bd. of Elections*, 65 AD3d 810, 811 [2009]).

In any event, even if a vacancy had been created, the Committee Authorized to Fill Vacancies could not, as it attempted to do here, name Bernstein to fill the purported vacancy, since he is the same person who was originally named in the designating petition. "The Election Law plainly contemplates that the candidate designated to fill a vacancy shall be a person other than the person originally named" (*Matter of Nestler v Cohen*, 242 App Div 726 [1934]; *see Matter of Proud v Relin*, 176 AD2d 1197 [1991]).

Accordingly, the Supreme Court properly invalidated the certificate to fill vacancy.

Bernstein's remaining contention is not preserved for appellate review. Mastro, J.P., Leventhal, Hall and Lott, JJ., concur.