Matter of Ferrandino v Sammut (2020 NY Slip Op 04229)





Matter of Ferrandino v Sammut


2020 NY Slip Op 04229


Decided on July 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2020-05253

[*1]In the Matter of Joseph M. Ferrandino, et al., appellants,
v
Norman A. Sammut, respondent-respondent, et al., respondents. (Suffolk County Index No. 605561/20) (Proceeding No. 1.)
In the Matter of Norman A. Sammut, petitioner-respondent,
v
New York State Board of Elections, et al., respondents; Joseph M. Ferrandino, et al., nonparty-appellants. (Nassau County Index No. 604759/20) (Proceeding No. 2.)




DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate certificates of substitution filed by the Committees to Fill Vacancies of the Republican, Conservative, and Libertarian Parties designating Norman A. Sammut as a candidate in primary elections held on June 23, 2020, for the nominations of the Republican, Conservative, and Libertarian Parties as their candidate for the public office of New York State Senator for the Eighth Senatorial District, and a related proceeding pursuant to Election Law § 16-102, among other things, to validate those certificates of substitution, Joseph M. Ferrandino and John E. Brooks appeal from a final order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated June 24, 2020. The final order, in effect, denied the petition, inter alia, to invalidate the certificates of substitution and granted the separate petition, among other things, to validate the certificates of substitution.
ORDERED that the final order is reversed, on the law, without costs or disbursements, the petition, inter alia, to invalidate the certificates of substitution is granted, the separate petition, among other things, to validate the certificates of substitution is denied, and the New York State Board of Elections is directed to remove the name of Norman A. Sammut from the appropriate ballots.
The appellants previously commenced a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate petitions filed with the New York State Board of Elections (hereinafter NYSBOE) designating Nicholas LaLota as a candidate in primary elections to be held on June 23, 2020, for the nominations of the Republican, Conservative, Libertarian, and SAM Parties as their candidate for the public office of New York State Senator for the Eighth Senatorial District. On a prior appeal, this Court granted the petition and invalidated the designating petitions on the ground that, as an election commissioner, LaLota was barred by Election Law § 3-200(6) from being a candidate for that office (see Matter of LaLota v New York State Bd. of Elections, 183 AD3d 785). LaLota's motion for leave to appeal was denied by the Court of Appeals (35 NY3d 904). Subsequently, certificates of substitution were filed by the Committees to Fill Vacancies of the Republican, Conservative, and Libertarian Parties purporting to substitute Norman A. Sammut as [*2]a candidate to fill purported vacancies created by the invalidation of the designations of LaLota. Sammut filed a petition seeking, among other things, to validate the certificates of substitution (hereinafter the validation petition), and the appellants then filed a separate petition seeking, inter alia, to invalidate the certificates of substitution (hereinafter the invalidation petition). The Supreme Court denied the invalidation petition and granted the validation petition. We reverse.
"A vacancy in a designation or nomination caused by declination, where a declination is permitted by [Election Law article 6], or by the death or disqualification of the candidate, or by a tie vote at a primary, may be filled by the making and filing of a certificate, setting forth the fact and cause of the vacancy, the title of the office, the name of the original candidate, if any, and the name and address of the candidate newly designated or nominated" (Election Law § 6-148[1]). "A vacancy in a designation or independent nomination, or in a party nomination made otherwise than at a primary, may be filled by a majority of the committee to fill vacancies shown upon the face of the petition or certificate of the designation or nomination in which the vacancy occurs" (Election Law § 6-148[2]).
"[P]ursuant to Election Law § 6-148(1), a valid designating petition is a prerequisite to the creation of a vacancy" (Matter of Turdik v Bernstein, 87 AD3d 748, 748; see Testa v Ravitz, 84 NY2d 893, 895). Where a designating petition is " invalid,'" another candidate may not be substituted by a committee to fill vacancies (Matter of Owens v Sharpton, 45 NY2d 794, 796; see Matter of Fotopoulos v Board of Elections of City of N.Y., 45 NY2d 807, 808). On the prior appeal, we specifically granted the appellants' petition to invalidate LaLota's designating petitions. Although the appellants had requested a declaration that there was no committee on vacancies to substitute another candidate, in view of our determination to invalidate LaLota's designating petitions, it was not necessary to make that specific declaration, as the consequences of the invalidation of designating petitions are well established (see Matter of Fotopoulos v Board of Elections of City of N.Y., 45 NY2d at 808). Since we held LaLota's designating petitions to be invalid, substitution of another candidate is barred by virtue of our prior decision (see Matter of Turdik v Bernstein, 87 AD3d at 748; Matter of Cotten v Greene County Bd. of Elections, 65 AD3d 810, 811).
Moreover, Election Law § 3-200(6) provides: "An election commissioner shall not be a candidate for any elective office which he [or she] would not be entitled to hold under the provisions of [Election Law article 3], unless he [or she] has ceased by resignation or otherwise, to be commissioner prior to his [or her] nomination or designation therefor. Otherwise such nomination or designation shall be null and void" (emphasis added). Where an original nomination or designation is void, no vacancy is created which can be filled by substitution (see Matter of Nowik v Jablonski, 133 AD2d 874, 875; Gdanski v Rockland County Bd. of Elections, 97 AD2d 744). Since LaLota's designations were null and void, and since the designating petitions were invalidated by this Court, there were no vacancies created within the meaning of the Election Law, and therefore, the Committees to Fill Vacancies of the Republican, Conservative, and Libertarian Parties could not designate a substitute candidate by filing certificates of substitution (see Matter of Turdik v Bernstein, 87 AD3d at 748; Matter of Cotten v Greene County Bd. of Elections, 65 AD3d at 811; Matter of Nowik v Jablonski, 133 AD2d at 875; see also Testa v Ravitz, 84 NY2d at 895).
Sammut's reliance upon Matter of Espada v Diaz (98 NY2d 715) and Matter of Owens v Sharpton (45 NY2d 794) is misplaced. In those cases, unlike here, the underlying designating petitions were not found to be invalid. The Legislature has not made failure to comply with a residency requirement a defect necessarily fatal to a designating petition; it has made the attempted designation of an election commissioner as a candidate for public office a nullity.
Accordingly, the Supreme Court should have granted the invalidation petition, denied the validation petition, and directed the NYSBOE to remove Sammut's name from the appropriate ballots.
SCHEINKMAN, P.J., RIVERA, BARROS and CONNOLLY, JJ., concur.
ENTER: Aprilanne Agostino Clerk of the Court