Matter of Marshall v Reilly (2024 NY Slip Op 50498(U))

[*1]

Matter of Marshall v Reilly

2024 NY Slip Op 50498(U)

Decided on April 29, 2024

Supreme Court, Monroe County

Doyle, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 29, 2024
Supreme Court, Monroe County

In the Matter of the Application of Ella Marshall and Stephen DeVay, Petitioners,

against
Patrick Reilly and Nicole Bayly, Respondents-Candidates, and Monroe County Board of Elections, Lisa P. Nicolay and Jackie Ortiz, Commissioners of and Constituting the Monroe County Board of Elections, Respondents For an Order and Judgment pursuant to New York Election Law Articles 6 and 16 invalidating the Republican Party Designating Petition filed with the Monroe County Board of Elections on April 1, 2024, purporting to designate Patrick J. Reilly as a Republican Party candidate for the public office of Monroe County Family Court Judge; invalidating the Conservative Party Designating Petition filed with the
Monroe County Board of Elections on April 1, 2024, purporting to designate Patrick J. Reilly as a Conservative Party candidate for the public office of Monroe County Family Court Judge; invalidating the substitution of Nicole Bayly for Patrick J. Reilly as the Republican designee for the office of Monroe County Family Court Judge; invalidating the substitution of Nicole Bayly for Patrick J. Reilly as the Conservative designee for the office of Monroe County Family Court Judge; and removing Patrick J. Reilly's and Nicole Bayly's names from the Ballot for the Primary Election on June 25, 2024 for said positions.

Index No. E2024006590

David L. Cook, Esq., and Mark F. Pincelli, Esq., PHILLIPS LYTLE LLP, for Petitioners 
Daniel E. Strollo, Esq., Attorney for Respondent Nicole E. Bayly
John T. Refermat, Esq., REFERMAT & DANIEL PLLC, Attorneys for Respondent Patrick J. Reilly
John P. Bringewatt, Esq., Monroe County Attorney, Robert J. Shoemaker, Esq., for Respondent Monroe County Board of Elections

Daniel J. Doyle, J.

In this proceeding Petitioners Ella Marshall, the Democratic Party candidate for the office of Monroe County Family Court Judge, and Stephen DeVay, an objector to the nominating petitions filed by Respondent Patrick Reilly (hereinafter "Reilly"), seek to invalidate said nominating petitions and invalidate the substitution of Respondent Nicole Bayly (hereinafter "Bayly") as Republican Parry candidate for the office of Monroe County Family Court Judge.
For the reasons that follow, the Petition is GRANTED.
Findings of Fact
On April 1, 2024, Reilly filed with the Monroe County Board of Elections a Republican Party designating petition purporting to designate Reilly as a Republican Party candidate for the public office of Monroe County Family Court Judge. On that same date, Reilly also filed with the Monroe County Board of Elections a Conservative Party designating petition purporting to designate Reilly as a Conservative Party candidate for the public office of Monroe County Family Court Judge.
Reilly is not admitted to practice law in the State of New York and is thus ineligible to be elected to the office of Monroe County Family Court Judge.
On or about April 1, 2024, a certificate of substitution was filed with the Monroe County Board of Elections substituting Bayly for Reilly as the Republican Party candidate for the office of Monroe County Family Court Judge and as the Conservative Party candidate for the office of Monroe County Family Court Judge.
Reilly admits that he was a "placeholder" candidate on the initial designating petitions to allow the Republican and Conservative Parties additional time to designate a candidate who was eligible to run for the office of Monroe County Family Court Judge. He admits he was aware that had those parties not identified an eligible candidate, he would be ineligible to run for that office.
On April 17, 2024 petitioners initiated this special proceeding to invalidate Reilly's nominating petitions and to invalidate Bayly's certificate of substitution.
Conclusions of Law
Family Court Act § 134 states, as relevant herein: "[n]o person * * * may serve in the [*2]office of judge of the family court unless he or she has been admitted to practice law in the state of New York for at least ten years as of the date he or she commences the duties of office." Reilly admits he does not satisfy this eligibility requirement for the office of Monroe County Family Court Judge.
Election Law § 6-122 states, as relevant herein: "[a] person shall not be designated or nominated for a public office or party position who * * * (2) is ineligible to be elected to such office or position; or (3) who, if elected will not at the time of commencement of the term of such office or position, meet the constitutional or statutory qualifications thereof or, with respect to judicial office, who will not meet such qualifications within thirty days of the commencement of the term of such office."
The petitioners have established, by clear and convincing evidence, that Reilly did not meet the eligibility requirements for the office of Monroe County Family Court Judge. (FCA § 134; Chaimowitz v. Calcaterra, 76 AD3d 685 [2nd Dept. 2010].) This requires invalidation of the nominating petitions. (LaLota v. New York State Bd. of Elections, 183 AD3d 785 [2nd Dept. 2020].)
As the nominating petitions for Reilly must be invalidated, there was no valid nomination and thus no vacancy under Election Law § 6-148. "Under Election Law § 6—148, a valid nomination is a prerequisite to the creation of a vacancy (see, Matter of Di Lorenzo v. Heffernan, 187 Misc. 766, 65 N.Y.S.2d 694, affd. 271 App.Div. 802, 65 N.Y.S.2d 197, affd. 296 NY 687, 70 N.E.2d 174)." (Testa v. Ravitz, 84 NY2d 893, 895, [1994].) (See also Cotten v. Greene Cnty. Bd. of Elections, 65 AD3d 810, 811 [3rd Dept. 2009]: "However, Supreme Court explicitly invalidated the designating petitions with respect to Overbaugh in that case and no cross appeal was taken from that holding. Due to that invalidation, no vacancy within the meaning of the Election Law has been created (see Matter of Elgin v. Smith, 10 AD3d 483, 484—485, 781 N.Y.S.2d 182 [2004]; Matter of Leemhuis v. State of New York, Bd. of Elections, 186 AD2d 863, 588 N.Y.S.2d 1022 [1992], affg. for reasons stated below 155 Misc 2d 531, 588 N.Y.S.2d 980 [1992]; Matter of Nowik v. Jablonski, 133 AD2d 874, 875, 520 N.Y.S.2d 427 [1987])." See also Ferrandino v. Sammut, 185 AD3d 992, 994 [2nd Dept. 2020]: "Where an original nomination or designation is void, no vacancy is created which can be filled by substitution (see Matter of Nowik v. Jablonski, 133 AD2d 874, 875, 520 N.Y.S.2d 427; Gdanski v. Rockland County Bd. of Elections, 97 AD2d 744, 468 N.Y.S.2d 53). Since we held LaLota's designating petitions to be invalid, substitution of another candidate is barred by virtue of our prior decision (see Matter of Turdik v. Bernstein, 87 AD3d at 748, 928 N.Y.S.2d 866; Matter of Cotten v. Greene County Bd. of Elections, 65 AD3d 810, 811, 884 N.Y.S.2d 290).")
Respondents citing Mahoney v. May (40 NY2d 906 [1976]) argue that it has been longstanding practice to allow "placeholder" candidates such as Reilly. However, nothing in Mahoney v. May relieves a "placeholder" candidate from satisfying the requirements of Election Law § 6-122. Here, assuming respondents are correct that a "placeholder" candidate who does not intend to run for the designated office is permissible (c.f., see Farbstein v. Suchman, 26 NY2d 564 [1970])[FN1]
 that "placeholder" still must meet the qualifications for the office for the [*3]"placeholder" to be validly nominated. Reilly does not, so his initial nomination must be invalidated.
As Reilly's nomination is a nullity, the certificate of substitution naming Bayly as the Republican Party and Conservative Party must be invalidated. (Ferrandino v. Sammut, supra. See also Hunter v. New York State Bd. of Elections, 32 AD3d 662, 663, [3rd Dept. 2006]: "[i]n the absence of a valid designating petition, a declination does not create a vacancy within the meaning of the Election Law (see Matter of Leemhuis v State of NY, Bd. of Elections, 186 AD2d 863 [1992], affg on op below 155 Misc 2d 531 [1992]; Matter of Nowik v Jablonski, 133 AD2d 874, 875 [1987]; Gdanski v Rockland County Bd. of Elections, 97 AD2d 744, 744-745 [1983]).
Based upon the forgoing, and the submissions of the parties [FN2]
, it is hereby
ORDERED, ADJUDGED and DECREED that the Petition seeking to invalidate the Republican Party Designating Petition filed with the Monroe County Board of Elections on April 1, 2024, purporting to designate Patrick J. Reilly as a Republican Party candidate for the public office of Monroe County Family Court Judge; to invalidate the Conservative Party Designating Petition filed with the Monroe County Board of Elections on April 1, 2024, purporting to designate Patrick J. Reilly as a Conservative Party candidate for the public office of Monroe County Family Court Judge; to invalidate the substitution of Nicole Bayly for Patrick J. Reilly as the Republican designee for the office of Monroe County Family Court Judge; to invalidate the substitution of Nicole Bayly for Patrick J. Reilly as the Conservative designee for the office of Monroe County Family Court Judge; and to remove Patrick J. Reilly's and Nicole Bayly's names from the Ballot for the Primary Election on June 25, 2024 for said positions is GRANTED; and it is further
ORDERED, ADJUDGED and DECREED that the Respondent Monroe County Board of Elections, and the Commissioners thereof, shall remove Patrick J. Reilly's and Nicole Bayly's names from the Ballot for the Primary Election on June 25, 2024, for the office of Monroe County Family Court Judge as the nominated candidates by the Monroe County Republican Party and the Monroe County Conservative Party.
Dated: April 29, 2024
Honorable Daniel J. Doyle, JSC

Footnotes

Footnote 1:"A plan to utilize a stand-in candidate who intends to decline in order to permit a Committee to Fill Vacancies to control a designation, if sufficiently established as a means of circumventing the policy of the Election Law, may be held invalid" (Id. at 567.)

Footnote 2:Petition with exhibits (NYSCEF Docket #s 1-5); Affirmation (NYSCEF Docket # 6); Memorandum of Law in Support (NYSCEF Docket # 7, 17); Answer in Special Proceeding (NYSCEF Docket # 19); Memorandum of Law in Opposition (NYSCEF Docket # 20); Affidavit in Opposition (NYSCEF Docket # 21); Memorandum of Law in Reply (NYSCEF Docket # 22).