| Sekarore v Harvey |
| :---: |
| 2025 NY Slip Op 31527(U) |
| April 28, 2025 |
| Supreme Court, Onondaga County |
| Docket Number: Index No. 003757/2025 |
| Judge: Gerard J. Neri |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At a Motion Term of the Supreme Court of the State of New York held in and for the County of Onondaga at the Onondaga County Courthouse, Syracuse, New York, on the __25th__ day of April, 2025.

PRESENT: HON. GERARD J. NERI, J.S.C.

STATE OF NEW YORK
SUPREME COURT   COUNTY OF ONONDAGA

BONNKE SEKARORE
and JOANNE M. MEYER,

                           Petitioners,

-against-

PALMER HARVEY, THE ONONDAGA COUNTY BOARD OF ELECTIONS, KENYATA CALLOWAY, MAXWELL M. RUCKDESCHEL, LISA M. SACCO, and DANIEL E. PETRICK,

                           Respondents.

**DECISION and ORDER**

Index No. 003757/2025

Petitioners Bonnke Sekarore and Joanne M. Meyer (collectively as the "Petitioners") commenced this action on April 14, 2025 by filing a Petition (Doc. No. 1) and proposed order to show cause (Doc. No. 7). The proceeding was subsequently assigned to this Court and on April 16, 2025 the Court signed the order to show cause (Doc. No. 10). Petitioners thereafter filed an Amended Petition (Doc. No. 11) and served the papers in accordance with the order to show cause (*see* Affidavits of Service, Doc. Nos. 17-18). Petitioners seek an order of the Court, *inter alia*, invalidating the designating petition of Respondent-Candidate Palmer Harvey ("Harvey") on the basis that the designating petition is permeated with fraud and on the further basis that the designating petition contains fewer than the required signatures (*see* Petition, Doc. No. 1, pp. 6-7; *see also* Amended Petition, Doc. No. 11, pp. 7-9).

Page 1 of 7

1 of 7

Among the papers submitted by Petitioners include the report of Heather Kukowski, a private investigator (Doc. Nos. 5 & 15). Kukowski states that she went to 113 Kappesser Street, Syracuse, New York to speak with Nancy and Ingo Minor (*ibid*, p. 2). Ingo Minor answered the door and when asked about the designating petition, responded that he signed for himself and on behalf of his wife Nancy (*ibid*). Kukowski further reports:

> "Nancy came out to the porch were we [Kukowski and Ingo Minor] were talking and she said she was standing right with her husband and allowed him to sign for her. She said she was not willing to sign a document stating she didn't sign the petition and called the Investigator a 'F****** Republican and to get off her porch" (*ibid*).

Kukowski also went to 403 Second North Street, Syracuse, New York to speak with Reena and Joe Rivera (*ibid*). Joe Rivera reported that he did not sign the designating petition and Reena Rivera admitted to signing for both herself and Joe Rivera (*ibid*). Reena Rivera stated, "she didn't even know what she was signing for and just wanted the person who showed up with the document to leave" (*ibid*). Petitioners also submitted an affidavit from Joe Rivera stating that he did not sign the designating petition (Doc. Nos. 6 & 16).

Respondent Onondaga County Board of Elections submitted an answer in which they declined to take a position on the merits of the proceeding (Doc. No. 19). Respondents Kenyata Calloway, Maxwell M. Ruckdeschel, Lisa M. Sacco, and Daniel E. Petrick answered, generally denied, and asserted numerous affirmative defenses (Doc. No. 21). Respondent-Candidate Harvey answered, generally denied, and asserted numerous affirmative defenses (Doc. No. 22).

On April 25, 2025, the Court held a hearing. Petitioners first called Respondent-Candidate Harvey. After initial questioning, Harvey invoked her rights under the Fifth Amendment. Counsel for Petitioners asked that if Harvey was aware that such an invocation of her Fifth Amendment rights could lead to a negative inference in this civil matter. Ms. Harvey

Page 2 of 7

[* 2]

acknowledged that she was so informed and declined to answer any further questioning. Petitioners next called Joe Rivera to testify. Mr. Rivera testified that the purported signature was not his. On cross-examination, Mr. Rivera stated that he was inside the house when someone called at the door and that he believed his wife could sign in his place. On redirect, Mr. Rivera stated that he did not speak with Harvey, that he did not see Harvey, and that he was inside the house and only aware that his wife was speaking with someone. Petitioners next called Reena Rivera to testify. Mrs. Rivera testified that she placed both her name and Mr. Rivera's name on the designating petition.

Discussion:

Petitioners commenced this proceeding pursuant to Article 16 of the Election Law and seeks to invalidate the designating petition purporting to nominate Respondent- Candidate Palmer L. Harvey as the Democratic Party candidate for Onondaga County Legislator, Ninth District. Petitioners allege that Harvey fraudulently witnesses the signature of Joe Rivera (*see* Petition, Doc. No. 1, ¶28; *see also* Amended Petition, Doc. No. 11, ¶28). "As a general rule, a candidate's designating petition will be invalidated on the ground of fraud only if there is a showing that the entire designating petition is permeated with that fraud" (Buttenschon v. Salatino, 164 A.D.3d 1588, 1589 [Fourth Dept. 2018], *citing* Perez v. Galarza, 21 A.D.3d 508, 508-509 [Second Dept. 2005]). "Even when the designating petition is not permeated with fraud, however, when the candidate has participated in or is chargeable with knowledge of the fraud, the designating petition will generally be invalidated" (*ibid*). Petitioners submitted the affidavit of Joe Rivera which states: "I, Joe Rivera, by no means signed my own name to a petition designating Palmer L. Harvey for Onondaga County 9th District Legislator on March 24,

[* 3]

2025" (Doc. No. 16). At the hearing, Mr. Rivera confirmed that it was not his signature, and Mrs. Rivera confirmed that she placed both names on the designating petition.

When questioned at the hearing, Respondent-Candidate Harvey asserted her Fifth Amendment Rights and refused to answer questions from Petitioners' Attorney. "In a civil case an unfavorable inference may be drawn against a party from the exercise of the privilege against self-incrimination" (Prince, Richardson on Evidence § 5-710). Harvey declined to provide any evidence contradicting the purported signatory's claim that he did not sign the designating petition. The Petitioners proved by clear and convincing evidence that Joe Rivera did not sign the designating petition and therefore Harvey's signing of the witness statement that she had in fact witnessed him sign constitutes a fraud. Harvey's invocation of her Fifth Amendment rights permits the finder of fact to make a negative inference, which in this case reinforces the testimony of Joe Rivera and Reena Rivera. The caselaw is clear that such a fraudulent signature invalidates the entirety of the designating petition (Grynspan v. Moore, 194 A.D.3d 1493 [Fourth Dept. 2021]; Burman v. Subedi, 172 A.D.3d 1882 [Third Dept. 2019]; Mattice v. Hammond, 131 A.D.3d 790 [Third Dept. 2015]; Haygood v. Hardwick, 110 A.D.3d 931 [Second Dept. 2013]; Leonard v. Pradhan, 286 A.D.2d 459 [Second Dept. 2001]). Malicious intent is not synonymous with fraud (Grynspan at 1494).

Respondents other than the Board of Elections have made the novel argument in their answer that due to the declination of Harvey and the purported substitution of Respondent Kenyata Calloway renders the instant proceeding moot. This is simply incorrect. Respondent Calloway's purported candidacy is based upon the Harvey designating petition. Without the Harvey designating petition and subsequent purported declination, there is no vacancy to which Calloway can be nominated. Said another way, a *valid* designating petition is a prerequisite to a

Page 4 of 7

declination and subsequent nomination (*see* Turdik v. Bernstein, 87 A.D.3d 748 [Second Dept. 2011]; see also Matter of Hunter v. New York State Bd. of Elections, 32 A.D.3d 662, 663 [Third Dept. 2006], citing In re Leemhuis v. State, Bd. of Elections, 186 A.D.2d 863, 863 [Third Dept. 1992]).[1] The committee to fill vacancies is created by the initial designating petition, and without the designating petition, there is no committee to fill vacancies to name a subsequent candidate.

Respondents other than the Board of Elections urge the Court to use its equitable powers and not invalidate the entire designating petition. They proffer Hennessy v. Board of Election (175 A.D.3d 1777 [Fourth Dept. 2019]) in support of the premise that such invalidation is discretionary. Hennessy is easily distinguishable as the subject signature was placed on the designating petition by the individual's son pursuant to a power of attorney and in the presence of both the purported signatory and the actual signer. In the instant matter, Mr. Rivera testified that he did not sign, that Mrs. Rivera signed outside of his presence, and Harvey did not speak with Mr. Rivera at any time. The instant matter aligns with Grynspan, Burman, and Mattice.

The Court notes that the witness statement of the subject designating petition states as follows:

> "I, Palmer Harvey, state: I am a duly qualified voter of the State of New York and am an enrolled voter of the Democratic Party. I now reside at 1512 1st N. Str. Apt. 3, Syracuse, NY 13208. Each of the individuals whose names are subscribed to this petition sheet containing 19 signatures, subscribed the same in my presence on the dates above indicated and identified himself or herself to be the individual who signed this sheet. I understand that this statement will be accepted for all purposes as the equivalent of an affidavit and, if it contains a material false

---

[1] After Petitioners called their witnesses and prior to closing arguments, Counsel for Respondents Calloway, Ruckdeschel, Sacco, and Petrick started to explain that a possible stipulation would be placed on the record in lieu of Respondent-Election Commissioner Czarny's testimony that a finding of fraud and invalidation of the designating petition would result in no candidate, neither Harvey nor purported substituted candidate Calloway, appearing on the Democratic Party's ballot line for Onondaga County Legislator, District 9. The Court confirmed that this was its understanding of the law. In response, Counsel stated, "fair enough", and allowed closing arguments to proceed without another word on the topic.

Page 5 of 7

statement, shall subject me to the same penalties as if I had been duly sworn" (*see* Exhibit A, Sheet No. 20).

In closing, Counsel for Harvey stressed that it was Mrs. Rivera who signed the designating petition. However, as made plain by the witness statement at issue, the burden is on Harvey, not the signers, to ensure that only the people she personally observes placed their name on the designating petition. Counsel for Harvey urged this Court to use its equitable powers as it would not be "fair" that Calloway be barred from the ballot too. Again, the responsibility of obtaining a ballot line rests on the candidate named in the designating petition. "[C]andidates are held to a higher standard" (Burman at 1883). "There is nothing to indicate that strict compliance with the precise requirements of this statute as interpreted is not readily accomplished on the great bulk of designating petitions. It is only the careless or inadvertent failure to follow the mandate of statute and case law which gives rise to the complaints that come before us" (Higby v. Mahoney, 48 N.Y.2d 15, 20 [1979]). Here the rule in all four Appellate Divisions is clear that when a candidate affirms that the signatures on a designating petition were subscribed in his or her presence on the dates indicated and by persons who identified themselves, and it is determined the affirmation has a material false statement, such as in this matter, a single act of fraud by the candidate will invalidate the entire designating petition. The relief sought by Petitioners is granted.

NOW, THEREFORE, upon reading and filing the papers with respect to the Petition and due deliberation having been had thereon, it is hereby

ORDERED, that the relief sought by Petitioners is GRANTED; and it is further

ORDERED, that the Court finds that Respondent-Candidate Palmer L. Harvey committed acts which constitute fraud under the Election Law by falsely attesting that Joe Rivera signed the designating petition in Harvey's presence; and it is further

**ORDERED**, that the designating petition purporting to nominate Palmer L. Harvey is invalid, null, void, and of no effect due to the fraudulent signature of Joe Rivera purportedly witnessed by Respondent-Candidate Palmer L. Harvey; and it is further

**ORDERED**, that the Onondaga County Board of Elections invalidate the Democratic Party Designating Petition of Respondent-Candidate PALMER L. HARVEY for use by any other replacement candidate for the office of Onondaga County Legislator for the 9" District, and if the Onondaga County Board of Elections has made an administrative determination of its validity prior to the conclusion of this preceding, overruling and setting aside the decision and the Onondaga County Board of Elections is directed to invalidate PALMER L. HARVEY's Designating Petition and further directs the Onondaga County Board of Elections to print ballots for the June 24, 2025 Primary Election without the name of PALMER L. HARVEY appearing thereon as a candidate or any subsequent candidate under the guise of a substitution, replacement, or filling of vacancy, including but not limited to the name of Kenyata Calloway.

Dated: <u>April 28, 2025</u>

ENTER.

<u>HON. GERARD J. NERI, J.S.C.</u>

[* 7]